**Robert Leon EUZIERE, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 5664.

United States Court of Appeals
Tenth Circuit.

Oct. 26, 1957.

Robert B. Palmes, Denver, Colo., for appellant.

H. Dale Cook, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

BRATTON, Chief Judge.

This appeal brings here for review an order denying a motion filed under 28 U.S.C.A. § 2255 to vacate and set aside the judgment and sentence imposed upon one of the defendants in the court below. The indictment contained six counts. The first, fourth, fifth, and sixth counts charged that the defendants Robert Leon Euziere and Don Alden Stacks committed the offenses laid therein; and the second and third counts charged that the defendant Euziere alone committed the offenses specified therein. The defendants entered pleas of not guilty. Later such pleas were withdrawn. The defendant Euziere then entered a plea of guilty to the first and fourth counts; the defendant Stacks entered a plea of guilty to the first count; the other counts were dismissed; and the defendant Euziere was sentenced to imprisonment for a term of ten years on the first count, to imprisonment for a term of ten years on the fourth count, with provision that the two sentences should run consecutively, and to pay a fine of $2,000 on each count. By subsequent order, the fines were reduced to $1.00.

The defendant Euziere filed a motion under 28 U.S.C.A. § 2255 to vacate and set aside the judgment and sentence imposed upon him on the ground that the court coerced him into entering the plea of guilty. A separate motion was filed for an order for the production of the defendant at the hearing on the motion to vacate and set aside the judgment and sentence. By a single order, the motion for the production of the defendant was denied, and the motion to vacate and set aside the judgment and sentence was denied without a hearing. The appeal was seasonably perfected from that portion of the order denying the motion to vacate and set aside the judgment and sentence.

The single question presented for determination is whether the denial of the motion to vacate and set aside the judgment and sentence constituted error. In order to determine the question in an understanding manner, it is necessary to review the pertinent facts and circumstances preceding and attending the entry of the pleas of guilty and the imposition of the sentence upon the defendant Euziere. Eight days after the return of the indictment, the defendants were brought before the court for arraignment. Addressing the defendants as boys, the court inquired whether they had a lawyer. The defendant Euziere replied that they were making arrangements for one but did not have him yet. The court thereupon stated that it was his duty to appoint an attorney for the defendants if they did not have one, and the court added that they needed a lawyer right then. The defendant Euziere then inquired whether they could have two or three days to see if they could employ Mr. Ralph Samara as their attorney. At that juncture, the Assistant United States Attorney advised the court that Mr. Samara had appeared as counsel for the defendants before the United States Commissioner. Thereupon, the court stated that it was necessary for the defendants to enter a plea at that time; that the case would be tried to a jury the following Tuesday; and that if they desired it, the court would appoint an attorney for them and he could discuss the matter with them. The defendant Euziere then stated that they had not reached an agreement with Mr. Samara respecting a fee. The court repeated that he would appoint an attorney to assist the defendants if they wanted that done, or they could enter a plea of not guilty. The defendants each then entered a plea of not guilty. The defendant Stacks requested a severance. The application for severance was denied and the case was set for trial on the following Tuesday. Immediately thereafter, the court stated to the defendants that it was fair to say to them that in the event they stood trial and were found guilty the court would feel that they should have the maximum sentence provided by law; that if they were not guilty, of course the court would not expect a plea of guilty; but that if they were guilty, and the court would know it when he tried the case, and if they were convicted, the court would expect to give them the maximum sentence because they had put the government to the expense of a trial when they were guilty. After the making of such statement, the defendant Stacks said that he would like to talk to an attorney. The court thereupon requested an attorney in the court room to confer with the defendants. Later in the day, the defendants and the attorney came before the court. The attorney stated that the defendants desired to allow their pleas of not guilty to stand, and he indicated that a motion to suppress certain evidence might be filed. The court replied that in the event such motion was filed, it would be heard in chambers preceding the trial on the day the case was set for trial. The defendant Euziere filed a motion to suppress. When the case came on for hearing on the motion to suppress and for trial, Mr. Samara appeared as counsel for the defendants. The motion to suppress was denied; the pleas of not guilty were withdrawn; the pleas of guilty were entered; and the sentence was imposed upon the defendant Euziere. Immediately after imposition of such sentence, request was made that it be modified to provide that the two periods of confinement should run concurrently rather than consecutively. In denying the request, the court stated that such defendant had received a lot of consideration; that if he had stood trial, the court would have given him sixty years; that he should be out of circulation because people who deal with narcotic drugs should not be permitted to have freedom; that the attorney had represented his clients well; and that they were leaving the court much better off than the court thought they would be when leaving.

Fundamental standards of procedure in criminal cases require that a

plea of guilty to the charge or charges contained in an indictment or information be entered freely, voluntarily, and without any semblance of coercion. A plea of guilty interposed as the result of coercion is not consistent with due process and therefore a judgment and sentence imposed pursuant to such a plea cannot stand. Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; O'Hara v. People, 41 Mich. 623, 3 N.W. 161; People v. Brown, 54 Mich. 15, 19 N.W. 571; Flowers v. State, 90 Okl.Cr. 390, 214 P.2d 728; cf. People v. Banner, 5 Misc.2d 355, 164 N.Y.Supp.2d 53. We think it is clear that the statements made by the trial court were reasonably calculated to influence the defendants to the point of coercion into entering their pleas of guilty.

The order denying the motion to vacate and set aside the judgment and sentence imposed upon the defendant Euziere is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.