PER CURIAM.
Two years after having been convicted for robbery and while serving sentence thereon, the appellant Clifford Hall filed his motion in the criminal court of record in Dade County to set aside the sentence and judgment and for new trial, under Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix. At the hearing thereon the appellant was represented by the public defender. The court denied the motion, and this appeal followed.
The statement of the point in the appellant’s brief shows the matter involved, as follows:
“Did the trial court err in not granting the defendant a hearing under Rule One, so that the defendant might testify as to the allegations in his petition, and produce further evidence in connection thereto, with reference to use of perjured testimony of police officers at his trial?”
In the recent case of Austin v. State of Florida, Fla.App. 1964, 160 So.2d 730, the court said:
“As to appellant’s contention of false swearing or use of perjured testimony, a reading of this portion of the motion shows it to constitute an attempt to argue the credibility of testimony given by certain state witnesses and claimed conflicts in that testimony. Additionally, in order to have a sentence set aside on the ground that perjured testimony was used, it is necessary for the motion to show that the testimony was perjured and that the prosecuting officials, at the time of its use, knew it was perjured. See Black v. United States, 9 Cir.1959, 269 F.2d 38, cert. denied, 1960, 361 U.S. 938, 80 S.Ct 379, 4 L.Ed.2d 357; Enzor v. United States, 5 Cir.1961, 296 F.2d 62, cert. denied, 1962, 369 U.S. *325 854, 82 S.Ct. 940, 8 L.Ed.2d 12; United States v. Daniels, D.C.E.D.Pa.1961, 191 F.Supp. 129; also see 28 U.S.C.A., § 2255 (Supp.1963), note 282, pages 136-138. Appellant’s motion to vacate fails to meet this test.”
What was said there is applicable to this case, and on the basis thereof the judgment of the criminal court of record, which denied the appellant’s motion under Criminal Procedure Rule 1 is affirmed.
Affirmed.