165 So.2d 191 (1964)
William H. JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 4445.
District Court of Appeal of Florida. Second District.
June 10, 1964.
Robert E. Jagger, Public Defender, Clearwater, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
This is an appeal from an order denying the appellant's motion for relief under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. The appellant on June 4, 1963, filed a motion to vacate his judgment and sentence on the grounds that he was coerced into pleading guilty and that he did not have the effective assistance of counsel. The trial court denied this motion without a hearing. The question relating to the effective assistance of counsel is affirmed. We are concerned solely with the issue of whether the court properly denied the defendant's motion which raised the factual issue of a coerced plea of guilty. The defendant's motion sets forth the facts of the alleged coercion in great detail, stating, in part:
"While the Movant was awaiting trial in the county jail at Clearwater, Florida, the Movant was approached by one Joe McLeod who at the time was a deputy of the Pinellas County Sheriff's Department. The said officer advised the Movant that if the Movant would plead guilty to second degree murder that the said plea would save the court a great deal of expence [sic] and trouble therefore the court would go a lot easier on the Movant at the time of the forthcoming trial, the said officer advised the Movant that if the Movant entered a plea of not guilty that the Court would do everything within its power to get the Movant *192 found guilty of first degree murder without any reconmendation [sic] for mercy which automatically would bring the death penalty for the Movant. The Movant was told by the said Joe McLeod that due to the fact that the Movant was on parole and had a past record that these facts would be bad on the part of the Movant and would be brought up in the trial unless the Movant cooperated and entered a plea of guilty."
The state attorney's answer did not refute this, and the record which was before the trial judge made no mention of it. The question now before the court is whether a defendant who alleges that he was coerced into pleading guilty is entitled to a hearing under Criminal Procedure Rule No. 1. In the case of Waley v. Johnston, 1941, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302, the defendant attacked the judgment and sentence on the ground that his plea of guilty was coerced by threats from federal officers. The return filed by the United States did not deny the alleged facts of coercion. The Supreme Court held that the defendant was entitled to a hearing in that his petition raised factual issues. The per curiam opinion stated:
"True, petitioner's allegations in the circumstances of this case may tax credulity. But in view of their specific nature, their lack of any necessary relation to the other threats alleged, and the failure of respondent to deny or to account for his failure to deny them specifically, we cannot say that the issue was not one calling for a hearing within the principles laid down in Walker v. Johnston, supra. If the allegations are found to be true, petitioner's constitutional rights were infringed. * * *"
Walker v. Johnston, 1940, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, held that a defendant who was coerced into entering a plea of guilty was deprived of a constitutional right.
United States v. Taylor (4th Cir.1962), 303 F.2d 165, and Euziere v. United States (10th Cir.1957), 249 F.2d 293, held that a defendant may properly move to vacate and set aside a judgment and sentence under 28 U.S.C.A. § 2255 on the grounds that he was coerced into entering a plea of guilty. In United States v. Taylor, supra, the court said:
"* * * If upon such hearing the Judge shall find that the prisoner was induced to plead guilty by reason of threats or coercion on the part of the Government's Agents then the sentence should be vacated and the prisoner arraigned a second time and given the right of allocution if he pleads guilty to the charge. If it is found on the other hand that the rights of the prisoner, as set out in this opinion, were not violated the motion to vacate the sentence should be dismissed."
The language of Criminal Procedure Rule No. 1 is almost identical with that of 28 U.S.C.A. § 2255. Criminal Procedure Rule No. 1 provides:
"A prisoner in custody under Sentence of a court established by the Laws of Florida claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, or of the State of Florida, * * * may move the court which imposed the sentence to vacate, set aside or correct the sentence."
A prisoner who is coerced into entering a plea of guilty is deprived of a constitutional right.
Appellant has stated facts sufficient to raise the question of whether he was coerced into pleading guilty, and neither the state attorney's answer nor the record refutes these allegations. Although the defendant may have some difficulty in proving these facts, he is entitled to a hearing. Therefore, the order of the trial court, *193 which denied the defendant's motion without a hearing, is reversed.
Reversed.
ALLEN, Acting C.J., SHANNON, J., and WILLIS, ROBERT E., Associate Judge, concur.