WHITE, Judge.
George Carroll, Jr. appeals an order denying his petition for post conviction relief under Criminal Rule No. 1, F.S.A. ch. 924 Appendix. In denying the relief sought in the original petition the lower court made the following findings on 7 April 1964.
“GEORGE CARROLL, JR. has filed before this Court certain pleadings which he styles ‘Motion to Vacate and/or Set Aside Judgment and Sentence/
“The Court has reviewed these motions, the authorities cited therein, and has reviewed the court files in this cause. These reflect that the Grand Jury returned a true bill against the Defendant for the crime of Rape, charging that the Defendant on March 22, 1961, with force and arms at, and in, the County of Orange, aforesaid did then and there unlawfully ravish and carnally know one, Doris Hanna, bjr force and against her will. Terry A. Davis as foreman of the Grand Jury, Spring Term of Court, 1961, signed the indictment.
“The Defendant was committed to the Florida State Hospital as a crim *267 inal sexual psychopath, and upon his release therefrom was returned to this County for further disposition of the rape charge. He appeared in open court before the undersigned. The Court made a determination that he was insolvent and appointed a competent, qualified, practicing attorney to represent him, to-with, (sic.) Robert Eagan. Thereafter, after the attorney had conferences with the accused and after he had conducted an investigation, the Court was advised that George Carroll, Jr. would plead guilty to the crime of rape with the general understanding that the Court would impose a life sentence, rather than subject the Defendant to the possible death sentence.
“The Court was satisfied that the defendant, George Carroll, Jr. had been fully apprised of his rights, was satisfied that he knew what he was doing when he pleaded guilty, and that all of the proceedings were regular on their face. The Court is still of that opinion. Therefore, it is;
“ORDERED and ADJUDGED that the pleadings filed by GEORGE CARROLL, JR. styled ‘Motion to Vacate and/or Set Aside Judgment and Sentence’ be, and the same is hereby, denied.”
That order was not appealed. On 28 May, 1964, the defendant filed another petition alleging substantially the same matters. The court, in its discretion, reviewed the successive motion and made the following finding which is the subject of this appeal:
“The undersigned has carefully reviewed the application and motion and finds that there is no additional matter submitted which has not heretofore been considered and ruled upon adversely to the petitioner. Therefore, it is hereupon
“ORDERED and ADJUDGED that the application * * * which was dated May 13, 1964 * * * is hereby, denied.”
We have carefully considered the record and find no error. The petitioner was represented by counsel and neither of his motions alleged facts tending to establish that conduct of his counsel was of such substandard level of professional service as to render the proceedings a mockery or farcical. See Simpson v. State, Fla.App.1964, 164 So.2d 224. The order appealed is accordingly affirmed.
Affirmed.
ALLEN, Acting C. J., and ANDREWS, J., concur.