HENDRY, Judge.
Appellant seeks review of an order denying without formal hearing his petition for post conviction relief brought pursuant to Criminal Procedure Rule 1, F.S.A. Ch. 924 Appendix.
The basic allegations contained in appellant’s motion are that:
(1) Appellant did not have the proper aid of counsel at his preliminary hearing;
(2) That he was denied a fair trial as his court appointed counsel did not represent him competently.
Our review of the record discloses the following events to have transpired. On October 21, 1958 appellant was indicted for rape. On October 23, 1958, he was arraigned and plead not guilty. Subsequent thereto the trial court appointed counsel, who, after investigating the case appeared with appellant at all future proceedings. At trial, appellant voluntarily withdrew his plea of not guilty and entered a plea of guilty. He was then adjudicated guilty and sentenced to life imprisonment.
Although appellant has alleged deprivation of counsel at preliminary hearing, the record does not show a preliminary hearing was held. The failure to hold a preliminary hearing has been held not to constitute denial of due process in the absence of a showing of prejudice resulting from such failure.[1] This is especially true where a defendant pleads not guilty at arraignment.[2]
Appellant’s contention that he was represented incompetently by counsel is without merit.[3]
Accordingly, the order appealed is affirmed.
Affirmed.

. Shannon v. State, Fla.App.1965, 172 So. 2d 479; Baugus v. State, Fla.1962, 141 So.2d 264.

. Wooten v. State, Fla.App.1964, 163 So.2d 305.

. Wooten v. State, supra note 2; Carroll v. State, Fla.App.1965, 172 So.2d 266.