175 So.2d 95 (1965)
Oliver LEE, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 64-995.
District Court of Appeal of Florida. Third District.
May 18, 1965.
Robert L. Koeppel, Public Defender, and Phillip A. Hubbart, Asst. Public Defender, for appellant.
Earl Faircloth, Atty. Gen., and Herbert P. Benn, First Asst. Atty. Gen., for appellee.
Before TILLMAN PEARSON, CARROLL and SWANN, JJ.
PER CURIAM.
Appellant pleaded guilty to three informations charging breaking and entering. He received three one-year sentences to be served consecutively. Two years later, while so serving, he petitioned the trial court for relief under Criminal Procedure Rule No. 1, F.S.A., Ch. 924 Appendix. One contention presented was that a police officer beat him and coerced the guilty pleas.
A person charged with crime who is coerced into entering a plea of guilty is deprived of a constitutional right. Jones v. State, Fla.App. 1964, 165 So.2d 191; Waley v. Johnston, 1941, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Walker v. Johnston, 1940, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; United States v. Taylor, 4 Cir.1962, 303 F.2d 165; Euziere v. United States, 10 Cir.1957, 249 F.2d 293. Here it was alleged a police officer used brutality on petitioner (aged 17) and forced him to confess guilt of things not done, and that the officer then threatened to exercise additional brutality which would "put him in the hospital" if he reported such beating to the court.
The petition under Rule 1 was summarily dismissed without evidentiary hearing. In denying the petition the trial court referred to the fact that at the times of arraignment, trial and sentence the petitioner was represented by the public defender. But the fact that petitioner had counsel on those occasions is not a valid answer to his allegations.
The trial judge concluded, and so stated in his order, that the record showed conclusively petitioner was not entitled to relief. We cannot agree. The record does *96 not show a denial by the state of petitioner's allegations, or trial of the issue which such a denial by the state would raise. The record does not deal with the matter of the alleged beating and coercion of guilty pleas and such allegations could not have been disproved, aside from the record or by testimony at a hearing at which petitioner was not present and given an opportunity to present evidence.
For the reasons stated and on the authority of Jones v. State, supra, the order appealed from is reversed, and the cause is remanded for evidentiary hearing on the petition.
It is so ordered.