JOHNSON, Judge.
This is an appeal from an order of the Court of Record of Escambia County, denying appellant’s motion to vacate and set aside judgment and sentence pursuant to Florida Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix.
The appellant, who will be referred to hereafter in this opinion as the defendant, on April 4, 1962, was informed against by the County Solicitor of Escambia County in two counts: 1st count, attempted rape, 2nd count, attempted robbery. The defendant at the time thereof was 16 years of age. The defendant was accompanied in court by his older sister and he entered a plea of guilty to the first count of the information. The court asked the defendant if he had or wanted counsel and he answered in the negative. The court on April 20, 1962, upon the guilty plea adjudged the defendant guilty under the first count and sentenced him to the state prison for 10 years. The second count was placed on the inactive docket.
On May 26, 1965, the motion to vacate, supra, was filed in which, inter alia, the allegation was made that the sheriff of Escambia County had coerced the defendant into pleading guilty by telling him he, the Sheriff, would make it hard for the defendant, if he did not plead guilty; that if he would plead guilty to attempted rape, he could go home and that fearing the sheriff as well as relying upon his statement that he could go home, he had entered his plea of guilty. He now claims that a fair trial was not given him and that his rights under the Fourteenth Amendment to the United States Constitution had been violated.
The lower court determined and so ordered that the motion to vacate did not warrant the production of the defendant at the hearing. It does not appear that a hearing was had nor even an inquiry made as to the charges against the sheriff laid in the motion to vacate. The motion contained allegations, which if true, would have warranted the same being granted, and even though the trial court may have such intimate acquaintanceship with the sheriff as to discard the charges against the sheriff, we feel that a hearing should be had and evidence taken to determine the truth or falsity of the charges and such evidence made a matter of record, and if the charges are unfounded, the motion can again be denied. The County Solicitor should be directed to answer the motion and attend the hearing on the issues so made. The defendant charges that he was denied the right to confer or consult with counsel, but no request for counsel had been made.
Under authority of Jones v. State, Fla.App., 165 So.2d 191, we reverse the trial court and remand the same for further pro *401 ceedings consistent with the provisions of this decision.
Reversed and remanded.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.