ROBERTS, Justice.
In 1958 the petitioner was indicted in Dade County, Florida for the crime of rape. He entered a plea of not guilty, but later withdrew it. After conferring with counsel he entered a plea of guilty as charged, was adjudged to be guilty and sentenced to life imprisonment. Some five and a half years later, on June 8, 1964, he filed a petition to set aside the judgment under Criminal Procedure Rule I, F.S., Ch. 924 Appendix, and was denied relief by the lower court. ,
Petitioner then appealed to the District Court of Appeal, Third District, which, by per curiam order, 174 So.2d 774, affirmed the Circuit Court merely citing Clark v. State, Fla.App., 174 So.2d 773.
The Clark case involved a man indicted at the same time and charged with the same crime as petitioner. Both Clark and this petitioner sought relief under Rule I and were represented by the same attorney at the same time of hearing before the court. Both petitions were denied and both appealed to the District Court, but the basic allegations contained in appellant Clark’s case were stated by the appellate court as: (1) Appellant did not have the proper aid of counsel at his preliminary hearing; (2) that he was denied a fair trial as his court appointed counsel did not represent him competently. The court stated that the record failed to show a preliminary hearing was held and that “[Fjailure to hold a preliminary hearing has been held not to constitute denial of due process in the absence of a showing of prejudice resulting from such failure.” Further that court held that “Appellant’s contention that he was represented incompetently by counsel is without merit.”
Our review of the record reveals that the instant case and the Clark case are factually similar but different issues are here presented for determination. This petitioner claimed, inter alia, in his Motion to Vacate Judgment that the arresting officer used illegal action against him by beating him and compelling him to sign a confession to *682 the crime of rape and abetting another m the completion of said crime. The same Circuit Judge who had heard the original case heard the cause on the Motion to Vacate and the same attorney who had represented petitioner at the trial represented him at the hearing. The order denying petitioner’s Motion to Vacate noted that the attorney representing petitioner was experienced in criminal law, that previously and subsequent to the appointment of counsel the petitioner had changed his plea from not guilty to guilty and that “[I]t further appears that the allegations set forth in the petition are false and untrue and without merit.”
The question presented is whether the petitioner is entitled to a “full evidentiary” hearing on a Motion to Vacate under Rule I. In this case the record shows he voluntarily withdrew his plea of not guilty, that when the man’s plea of guilty was later made and accepted he had the assistance of counsel, and that he was present and his counsel was present at the time the court heard the matter in open court. He was given an opportunity to be heard and could have presented any evidence against the officers he desired. At the hearing with petitioner’s counsel present the judge had the discretion to determine whether the presence of petitioner was required and was justified in disposing of the case on the basis of the record. Cf. Hill v. United States, 368 U.S. 424, 82 S.Ct. 468, 7 L.Ed.2d 417; United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. Nothing was presented in the motion that either was not or could not have been presented in open court or that was not or could not have been argued at the hearing. The record affirmatively shows that “[T]he court heard argument of all counsel regarding the motion of the defendant Farrington.” We, therefore, feel that where the record shows a petitioner has had full opportunity to present testimony and evidence at his trial on the points he presents in a Motion to Vacate, and especially where he is represented by counsel at the hearing thereon, he is not entitled to a second full evidentiary hearing1. See Roy v. Wainwright, Fla.1963, 151 So.2d 825.
This cause was set for hearing on jurisdiction and merits and we have carefully considered the record, the briefs and the arguments of counsel. We detailed the issues presented in this petition as a guide to the proper application and interpretation of the Florida Rule with the hope that any confusion in regard to the hearing will be dispelled. We particularly examined the cited cases, Jones v. State, Fla.App.1964, 165 So.2d 191; Lee v. State, Fla.App.1965, 175 So.2d 95; Dixon v. State, Fla.App.1965, 180 So.2d 399, and find that there is no conflict of opinion. The petition for writ of certiorari, therefore, is denied.
It is so ordered.
DREW, CALDWELL and ERVIN, JJ., concur.
THORNAL, C. J., and THOMAS and O’CONNELL, JJ., agree to judgment of dismissal.