PER CURIAM.
The trial judge without a hearing denied appellant’s petition to vacate and set aside the judgment and sentences heretofore imposed. Appellant’s motion alleges that he was coerced into pleading guilty and therefore entitled to a hearing under Criminal Procedure Rule #1, F.S.A. ch. 924 Appendix. Appellant contends that the decision of this Court in Jones v. State, Fla.App. 1964, 165 So.2d 191, requires a reversal of this case. We do not agree, in that the Jones case, supra, and the case sub judice are distinguishable and therefore we affirm the order of the trial court.
In the Jones case, relied upon by appellant, the alleged coercion occurred subsequent to the defendant’s arraignment and plea of not guilty and while he was in the county jail awaiting trial. In the case at Bar the alleged coercion occurred prior to appellant’s plea of not guilty and subsequent appointment of counsel after which time appellant changed his plea to guilty. Appellant’s allegations of coercion are negated by his subsequent plea of not guilty.
Affirmed.
SHANNON, Acting C. J., and HOB-SON and PIERCE, JJ., concur.