PER CURIAM.
Appellant by his petition pursuant to the provisions of Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, sought to vacate judgment and sentence imposed by the trial court. The trial court denied relief without granting a hearing.
Salient allegations in the petition presented to the trial court were: That appellant, while represented by counsel and pursuant to an agreement between himself, his relatives and the prosecuting attorney, entered a plea of nolo contendere to two in-formations (containing 5 counts) charging him with making forged instruments. He waived jury trial. After taking testimony, he was adjudged guilty by the trial judge and sentenced to 10 years on each count, the sentences to run concurrently.
By his petition to vacate judgment and sentence, Appellant alleged that his plea was not freely and voluntarily made because same was entered as a result of an agreement between himself, his attorney, his relatives and the prosecuting attorney. He alleges that the agreement was to the •effect that if he would pay off the checks (forged instruments), the charges would be dropped. He further alleged that his relatives began to “pick up and pay off the worthless checks,” and that he has lived tup to his part of the “deal” but the State •did not honor its promise.
Whether or not an agreement •or “deal” was made is of no consequence since same would have no efficacy upon the trial judge. We are, however, confronted with the real question of whether appellant’s plea was voluntarily made. The unrebutted allegations set forth in appellant’s petition for relief are sufficient to present the issue of voluntariness of his plea. Lee v. State, 175 So.2d 95 (Fla.App. 3d, 1965). The cause is reversed with directions to grant appellant an evidentiary hearing upon the allegations set forth in the subject petition. Paul v. State, 165 So.2d 779 (Fla.App.3d, 1964).
Reversed.
RAWLS, C. J., and JOHNSON and SACK JJ., concur.