PER CURIAM.
Daniel Joseph Nolan appeals an order .denying his petition for post-conviction relief under Criminal Procedure Rule No. 1, ch. 924 F.S.A. Appendix.
On April 3, 1961, an information was filed against petitioner charging him with •three counts of robbery. According to the .court minutes, on April 6, 1961, the petitioner appeared in open court with his court-appointed attorney, a representative from the office of the Public Defender. The state moved for an order of nolle prosequi as to Counts II and III, and the petitioner was arraigned as to Count I. Petitioner entered a plea of guilty, and the court deferred sentencing until April 20, 1961.
On April 20, 1961, petitioner appeared in open court for sentencing with his court-appointed attorney, a different representative from the office of the Public Defender for Broward County, at which time he was sentenced to ten years in prison.
Approximately five years later petitioner filed his Rule One motion alleging that after his arrest he was held incommunicado, questioned and beaten. Petitioner further alleges that, following his transfer to the Broward County Jail on April 2, 1961, two Hallandale robbery detectives came to his cell, promised him they would see that he received a sentence of not more than five years if he pleaded guilty, and threatened him with three life sentences if he refused.
Petitioner alleges that on April 6, 1961, he entered a plea of guilty to Count I without the assistance of counsel expecting to receive a five-year sentence. Petitioner asserts that it was after he had entered his plea that an attorney from the office of the Public Defender introduced himself as his attorney. Petitioner further alleges that he told said attorney of the representations of the detectives and asked him to withdraw his plea of guilty, but was informed that this could not be done. Petitioner also alleges that he was unable to find out who was his actual attorney and that the representative who appeared at sentencing refused to help him when acquainted with the foregoing facts.
The trial court denied relief without a hearing on the ground that defendant’s foregoing allegations of a coerced guilty plea were conclusively refuted by the court’s minute book entries disclosing the presence of a public defender at arraign *501 ment and sentencing. This was error under the following decisions of three other district courts of appeal: Williams v. State, Fla.App.1966, 186 So.2d 279; Lee v. State, Fla.App.1965, 175 So.2d 95; Jones v. State, Fla.App.1964, 165 So.2d 191.[1]
The defendant’s allegations may tax credulity; nevertheless, they do raise a factual issue of coercion which can be resolved only by a hearing.
Reversed.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.

. Compare with the above: Farrington v. State, Fla.1966, 183 So.2d 681; Hamilton v. State, Fla.App.1966, 186 So.2d 316. See also Williams v. State, Fla.App.1965, 174 So.2d 97.