PIERCE, Judge.
This is an appeal by appellant Rudolph Tillman from an order entered by the Sarasota County Circuit Court denying his petition for relief filed under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix.
An information was filed against Tillman in said Court on May 4, 1961, charging him with the offense of Crime against Nature. On the following day, May 5, 1961, he was arraigned upon said charge and entered a guilty plea. On August 11, 1961, he was ordered by the Court to be examined by psychiatrists to determine whether he was a sexual psychopath within the meaning of Florida Statutes. On August 31, 1961, the psychiatrists filed a report with the Court indicating that in their opinion he was such a sexual psychopath, and on September 21, 1961, the Court entered order committing him to the Florida State Hospital for treatment. On December 10, 1963, the hospital reported that Tillman had apparently recovered and an Order was thereupon entered transferring him back to the jurisdiction of the Court.
On April 24, 1964, Tillman, represented by the Public Defender, entered a plea of guilty and upon such plea the Court withheld adjudication and placed him upon probation for three years. On September 9, *47 1966, the Court entered Order revoking said probation, he was adjudged guilty, and was sentenced to serve seven years in the State Prison.
On December 19, 1966, Tillman filed a motion under C.P.R. No. 1, to vacate said judgment and sentence, which motion the Court denied without hearing. Such order of denial, which is the Order being now here appealed, recited that Tillman’s Petition had been filed under C.P.R. No. 1, seeking relief from a sentence which he was “presently serving * * * in the State Prison System, though such relief is not prayed for, the only prayer being for a hearing to determine whether or not a plea of guilty was entered * * * as a result of coercion * * The Order then stated that “the Court being of the opinion that in view of the state of the Petition before the Court neither Rudolph Tillman nor anyone in his behalf has submitted facts to support the relief ultimately sought or to afford a hearing on the question of coercion * * * ”, the petition was denied.
It will be observed that Tillman’s petition was denied by the trial Court without any hearing thereon and without any answer of denial or other response filed by the State Attorney. And the Court records and files in the criminal case in the lower Court, insofar as the same have been exemplified here, contain nothing that refutes the allegations of the motion.
The motion filed under Rule 1, allowing for laxities in spelling, grammar, punctuation, thought construction, and all the other niceties of professional pleading, alleges substantially the following: that Tillman was coerced into entering the plea of guilty by the State Attorney who told Tillman that if he would plead guilty he would see to it that Tillman would not be sent to the State Prison, that the charges against him would be nolle prossed, that he would be sent to the State Hospital for treatment and upon release from the hospital none of the present charges would be held against him but he would be a free man; but that if he did not plead guilty the Court would do everything within its power to convict him, that the Judge had a personal dislike for homosexuals, especially where they were involved with young boys and that he would see to it that Tillman got “a hundred or more years in prison”, that Tillman “was terrorized * * * into entering” the guilty plea by the State Attorney, who further threatened Tillman that “if he informed the Court or anyone else that the deal was off and he would get him a life sentence”; that the plea was therefore entered by fears, threats and coercion by the State Attorney and because Tillman believed that the State Attorney “would do exactly what he said he would do.”
We hold that the allegations of the motion, incomprehensible and even fantastic as they may be, showed on their face, if true, a violation of Tillman’s constitutional rights, and called for a response by the State Attorney and an adversary hearing before the Court.
In Jones v. State, Fla.App.1964, 165 So.2d 191, this Court had before it the identical question where a motion for relief under Rule 1, on the grounds that petitioner had been coerced into pleading guilty, had been denied by the lower Court without hearing. The averments in the motion there involved were set forth in full in this Court’s opinion upon appeal and showed to have been much less flagrant than in the instant motion. Citing the cases of Waley v. Johnston, 1941, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302; Walker v. Johnston, 1940, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830, and United States v. Taylor (4th Cir. 1962), 303 F.2d 165, and Euziere v. United States (10th Cir. 1957), 249 F.2d 293, this Court reversed Jones in the following language:
“A prisoner who is coerced into entering a plea of guilty is deprived of a constitutional right.
“Appellant has stated facts sufficient to raise the question of whether he was coerced into pleading guilty, and neither *48 the state attorney’s answer nor the record refutes these allegations. Although the defendant may have some difficulty in proving these facts, he is entitled to a hearing.”
And the 1st District Court in Dixon v. State, Fla.App.1965, 180 So.2d 399, held to the same effect. The Rule 1 motion in Dixon alleged that the Sheriff “had coerced the defendant in pleading guilty by telling him he, the Sheriff, would make it hard for .the defendant, if he did not plead guilty; that if he would plead guilty to attempted rape, he could go home and that fearing the sheriff as well as relying upon his statement that he could go home, he had entered his plea of guilty.” Under authority of the Jones opinion, supra, the 1st District Court in Dixon, held as follows:
“The lower Court determined and so ordered that the motion to vacate did not warrant the production of the defendant at the hearing. It does not appear that a hearing was had nor even an inquiry made as to the charges against the sheriff laid in the motion to vacate. The motion contained allegations, which if true, would have warranted the same being granted, and even though the trial court may have such intimate acquaintanceship with the sheriff as to discard the charges against the sheriff, we feel that a hearing should he had and evidence taken to determine the truth or falsity of the charges and such evidence made a matter of record, and if the charges are unfounded, the motion can again be denied.”
It follows that the order appealed from is reversed and the cause remanded with directions that the State Attorney be required to file an answer to Tillman’s petition and that if the allegations of coercion are denied, the Court proceed to adversary hearing upon the issues before it.
Reversed and remanded.
LILES, C. J., and SHANNON, J., concur.