PIERCE, Judge.
This is an appeal by Manuel Angel Estevez, from an order denying his motion to vacate, under Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix, a previous sentence imposed upon him in a criminal case.
Defendant Estevez was charged in an information filed in the Criminal Court of Record for Hillsborough County with the offense of possessiom-of burglarious tools. Upon trial, he was found guilty by a jury, and on August 9, 1965, was sentenced by the Court to serve four years in the State Prison. On April 4, 1967, he filed a post-conviction motion under Rule 1 to collaterally set aside the sentence imposed. The motion was denied without hearing by the same Judge who tried the case. It is from this order of denial that the present appeal is taken.
The motion contained two grounds, the first of which has been abandoned. The second ground is “that the State Attorney * * * withheld evidence from the defense that would have established defendant’s innocence”. In furtherance of said ground 2, defendant Estevez contends that a “tire tool” introduced in evidence by the State at his trial had red paint thereon and that “the State Attorney discovered that said red paint was of the same substance as that of the tire rims of co-defendant’s car, and not from any coke machine * * * but deliberately and intentionally withheld this information for the sole purpose of misleading the jury to believe said red paint came from said coke machine”. It was stated that “the State Attorneys office and the Police Lab., with all their resources did not produce an analysis of said red paint, because it was known to them that said red paint did not come from said coke machine but from the co-defendant’s car.”
Just what relevance or significance such vague allegations had in the trial of the cause is nowhere made to appear, nor is the connection between the red paint on the tire tool and the coke machine. We *699 are left to conjecture that a place containing a coke machine was broken into and that it was sought to connect Estevez with the burglary on the assumption that red paint, inferentially from the coke machine, appeared on a tire tool found in Estevez’s possession, which it was contended had become a burglarious tool because of having presumably been used in the burglary. This, of course, is heaping a plurality of infeneces upon presumptions upon deductions upon conclusions.- The position of Estevez is rendered more obscure when he argues in his brief that, although the trial record shows that Estevez and his co-defendant were in a 1960 red Chevrolet, a named State witness, when “asked what color were the rims on the Chevrolet alleged to be used during the night of the crime”, replied that “he did not recall what color said rims were”. We are not enlightened as to just what this proves or didn’t prove. But apparently the point Estevez was trying to make was that “the State Attorney deliberately and intentionally withheld information which would have proved that said red paint came from the rims of this Chevrolet instead of the coke machine, which was implicated in the crime for which they were charged”.
Apparently Estevez is trying to bring his situation within that line of cases which hold that where false testimony is given by a State witness, on a material matter, known to be false by the prosecution officials, post-conviction relief may be had under Rule 1. Smith v. State, Fla.App.1966, 191 So.2d 618; Wade v. State, Fla.App.1967, 193 So.2d 459; Harris v. State, Fla.App.1964, 167 So.2d 312; Ingrim v. State, Fla.App.1964, 166 So.2d 805; Austin v. State, Fla.App.1964, 160 So.2d 730; Hall v. State, Fla.App.1964, 162 So.2d 324; Byers v. State, Fla.App.1964, 163 So.2d 57; and Gilliard v. State, Fla.App.1965, 171 So.2d 902. There is no allegation here or even intimation that any State witness gave perjured testimony, let alone that the prosecuting officials knowingly permitted such perjured testimony to be given.
The testimony of only one State witness was even alluded to by Estevez, and then only in his brief filed here, not in any of the papers filed in the lower Court. And even in such unofficial manner, it is only mentioned that such witness, one Michael O. Harrell, testified during the trial that “he did not recall what color said rims were”. There is a vast difference between such showing and a showing of wilfully adduced perjured testimony on a material fact, connived in by the prosecutor.
And even if, as Estevez vaguely intimates, the State Attorney in the case sub judice had reason to believe that the red paint on the tool “was of the same substance” as the tire rims on the car and not the coke machine, yet failed to utilize scientific resources to determine definitely the origin of the red paint, such would not make a case under Rule 1. We are not prepared to extend the already broad scope of the Rule to include such requirement.
It is true, as Estevez contends, that where a motion filed under Rule 1 makes a prima facie case for relief and is not refuted by the record, the trial Judge must order an adversary hearing. We recently held just that in two cases, both released in October, 1967, Tillman v. State, Fla.App.1967, 203 So.2d 46, and Rayburn v. State, Fla.App.1967, 203 So.2d 212. In Tillman, we went so far as to hold that—
« * * * allegations of the motion, incomprehensible and even fantastic as they may be, showed on their face, if true, a violation of Tillman’s constitutional rights, and called for a response by the State Attorney and an adversary hearing before the Court”.
No such prima facie showing was made by the motion involved here. The subject matter relied upon in the instant motion is such that, if held sufficient on its face to warrant setting aside a conviction, it would put the able prosecuting officials in this district in an intolerable bind *700 and straight-jacket in the performance of their official duties. This we are not about to do.
Affirmed.
LILES, C. J., and HOBSON, J., concur.