224 So.2d 447 (1969)
Maxwood Clarence BRUMLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2428.
District Court of Appeal of Florida. Fourth District.
June 30, 1969.
*448 Maxwood Clarence Brumley, in pro. per.
Earl Faircloth, Atty. Gen., Tallahassee, and J. Terrell Williams, Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
This is an appeal from an order rendered by the Court of Record in Broward County, Florida, denying without an evidentiary hearing a motion filed by Maxwood Clarence Brumley, the appellant, pursuant to CrPR 1.850, 33 F.S.A., to vacate and set aside certain judgments and sentences of that court.
It appears from the record that the appellant was charged by an information *449 dated 28 May 1963 with the crimes of escape while incarcerated for a felony and robbery. Both of the said crimes were alleged to have been committed on 27 May 1963. The appellant appeared before the Court of Record on 28 May 1963 and pled guilty to each count of the information. The court thereupon adjudged the appellant guilty and sentenced him to imprisonment for ten years on the escape charge and for life on the robbery charge.
On 23 February 1968 the appellant filed a motion, pursuant to CrPR 1.850 to vacate the judgments and sentences. The court of record by an order rendered on 26 July 1968 denied the motion without evidentiary hearing. It is from this order that the present appeal has been taken.
The issue before this court is whether or not the trial court committed error in denying the defendant's motion without an evidentiary hearing.
CrPR 1.850 provides a convenient procedural means whereby a person in custody under a sentence imposed in violation of his constitutional rights may seek appropriate relief. The inquiry in connection with a motion under CrPR 1.850 which seeks relief from such a judgment and sentence is whether or not the sentence was imposed in violation of the constitutional rights of the prisoner; therefore, the motion need not allege matters relating to the guilt or innocence of the defendant. Tolar v. State, Fla.App. 1967, 196 So.2d 1. A movant under CrPR 1.850, however, must allege facts sufficient to constitute a basis for the collateral relief sought. State v. Weeks, Fla. 1964, 166 So.2d 892, 897.
Upon receipt of a motion to vacate, the trial court should initially determine whether or not the facts alleged in the motion, when considered to be true, sufficiently state a basis for collateral relief. If the facts state a sufficient basis for the collateral relief as a matter of law, then the trial court must examine the record of the proceedings in the cause. If the record conclusively demonstrates that the movant is not entitled to relief, the motion may be denied without a hearing. On the other hand, if the record does not conclusively refute those allegations in the motion which if taken as true would entitle the movant to relief, then an evidentiary hearing should be afforded the movant. State v. Weeks, supra.
In the present case, the appellant's motion alleged that while he was in custody of law enforcement officers on or about the day of his arraignment, the sheriff and a deputy sheriff of Broward County told him that if he defended himself on the charges of escape and robbery, he would be charged with the "capital" offense of kidnaping and that if he failed to "co-operate", the gunshot wound from which he was then suffering would be "made fatal" while he was en route to the hospital. As a result of these threats, the motion alleges, the appellant's pleas of guilty were not freely made.
The appellant also alleges that the public defender who was appointed to represent him in connection with the charges did not investigate the case, informed appellant that he could not help him, advised him to plead guilty, and told him that he could be charged with kidnaping, but did not inform the appellant that kidnaping was a non-capital felony.[1] Consequently, charges the appellant, the public defender did not render competent legal services. Finally, the appellant alleges that his arrest and arraignment were made in a "passioned" environment by reason of news coverage provided by the press, radio and television.
The charges in the motion to vacate relative to the alleged inadequacy of counsel are basically conclusory and relate primarily to matters normally within the realm of a trial counsel's judgment. The amount of time and effort required to properly investigate a case is a matter necessarily *450 within the realm of trial counsel's judgment. So too is the determination whether to advise a defendant to plead guilty. As to the allegations that the attorney advised the appellant that he could have been charged with kidnaping, it does not appear from the factual allegations in the motion that this was improper advice. Based on the foregoing, the allegations are not, in our opinion, sufficient as a matter of law to support a charge that the appellant was denied a right of competent counsel. Simpson v. State, Fla.App. 1964, 164 So.2d 224 and Mitchell v. United States, 1958, 104 U.S.App.D.C. 57, 259 F.2d 787 (cert. den. 358 U.S. 850, 79 S.Ct. 81, 3 L.Ed.2d 86). It is also our opinion that the vague allegations charging that the arrest and arraignment of the appellant were made in a "passioned" environment were bare conclusions of the pleader and were thus totally insufficient as a matter of law to entitle him to an evidentiary hearing under CrPR 1.850.
The allegations in the motion to vacate with respect to the alleged coercion applied to the appellant prior to his plea of guilty stand on a different basis than the other allegations in the motion. A plea of guilty should be entered freely and voluntarily. Roberts v. State, Fla.App. 1962, 142 So.2d 152; Pope v. State, 1908, 56 Fla. 81, 47 So. 487; and Euziere v. United States, 10 Cir.1957, 249 F.2d 293. If a guilty plea results from threats by a sheriff or a deputy sheriff the plea is not voluntary and may be vacated under Criminal Procedure Rule 1.850. Jones v. State, Fla. App. 1964, 165 So.2d 191; Reddick v. State, Fla.App. 1966, 190 So.2d 340; Plymale v. State, Fla.App. 1966, 182 So.2d 57; and Waley v. Johnston, 1942, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302.
The allegations in the motion that the appellant was threatened by the sheriff and a deputy sheriff that he would be tried on a capital charge of kidnaping if he sought to defend himself on the charges of escape and robbery, that his gunshot wound would be made fatal if he failed to cooperate, and that as a result his pleas of guilty were not freely given, clearly set forth facts which, if true, are sufficient to entitle the appellant to relief under Cr PR 1.850 from the judgments and sentences imposed pursuant to the coerced pleas.
The record before the trial court does not conclusively refute these allegations; therefore, an evidentiary hearing should be afforded the appellant on the issue of the voluntariness of his pleas of guilty. The record shows with respect to the voluntariness of the pleas only the following dialogue between the trial judge and the appellant:
"THE COURT: * * * You understand your rights? You have the opportunity to deliberate and consider.
"THE DEFENDANT: Yes, sir.
"THE COURT: And is this your free and voluntary plea?
"THE DEFENDANT: Yes, sir.
"THE COURT: You are not influenced in this? Is that what you want to do? Is that correct?
"THE DEFENDANT: Yes, sir.
"* * *
"THE COURT: You have talked this over with Mr. Clayton Nance, Public Defender for Broward County.
"MR. NANCE: May it please the court, he had a conversation with Mr. Margarities, who serves as Legal Aid Attorney. I called upon him to assist me at this time.
"THE COURT: You also, in addition, talked with Mr. Ross Mowry, Mr. Nance's deputy, did you not?
"THE DEFENDANT: Yes.
"THE COURT: Allow the defendant to enter a plea of guilty to Count I, charge of Escape. And Count II, charge of *451 Robbery, based on plea of guilty, the Court adjudges you to be guilty on each Count."
That the appellant advised the court at the time of arraignment that his plea was voluntary is not, under the facts alleged in the motion, sufficient to conclusively refute the charges of coercion. If the appellant's pleas were the result of coercion, it is obvious that such coercion would also have motivated the answers to the trial judge's questions with respect to the voluntariness of those pleas.
That the appellant had a lawyer present and representing him at the time of arraignment does not refute the allegations in the motion with respect to coercion. Waley v. Johnston, supra; Lee v. State, Fla.App. 1965, 175 So.2d 95; and Nolan v. State, Fla.App. 1966, 192 So.2d 500. Such fact, however, may be considered by the trial court at the time of the evidentiary hearing as relating to the ultimate issue to be decided. The record also indicates a long delay between the time of the guilty pleas and the time of the filing of the motion to vacate. This delay does not conclusively refute the allegations in the motion, but it may be considered by the trial court as relevant to the credibility of the appellant's charges of coercion. Plymale v. State, Fla.App. 1967, 201 So.2d 85.
The state in its brief urges us to decide that the allegations in the motion with respect to coercion are insufficient because the Florida courts have held that a guilty plea is not to be held involuntary simply because the plea is entered on the advice of the defendant's counsel and as a result of a promise by the defendant's counsel of a lighter sentence. The state cites Manning v. State, Fla.App. 1967, 203 So.2d 360, and other cases standing for that proposition. We recognize the soundness of the ruling in Manning v. State, but the rule in that case has no application where, as here, the plea of guilty is allegedly not the result of the defendant's lawyer's advice, but allegedly the result of coercion by the sheriff and a deputy sheriff while the appellant was in their custody prior to arraignment.
For the foregoing reasons, the order appealed from must be reversed. On remand, the trial court should provide the appellant with an evidentiary hearing pursuant to Rule 1.850 solely on the issue of the voluntariness of the pleas of guilty. Prior to such hearing, the trial court must make a determination whether or not the presence of the appellant at the evidentiary hearing is essential or would be helpful. Consideration should be given to whether or not his testimony is required to produce a correct result. This determination is within the sound discretion of the trial court. State v. Weeks, supra.
Reversed and remanded for further proceedings in accordance with this opinion.
Reversed and remanded.
WALDEN, C.J., and McCAIN, J., concur.
NOTES
[1] Under some circumstances, kidnaping is a capital crime. See F.S. 1967, Section 805.02, F.S.A.