OWEN, Judge.
This is an appeal from an order denying without evidentiary hearing appellant’s motion filed pursuant tó CrPR 1.850, 33 F.S.A. seeking to vacate judgment and sentence.
Succinctly stated, the motion alleged an agreement between appellant and the county solicitor whereby appellant would plead guilty to one of the three counts of robbery with which he was charged, in exchange for which the county solicitor would submit a recommendation to the court that the defendant be sentenced to somewhere between twenty and thirty years maximum and would be present in court at the time the plea was entered in order to advise the court of such recommendation; that thereafter the appellant appeared in court and withdrew his previous plea of not guilty and entered a plea of guilty; that the court accepted the plea, withholding adjudication and sentence until a presentence investigation could be ordered; that subsequently, appellant appeared before the court for sentencing and was sentenced to sixty years, but the county solicitor failed to appear (either at the time the plea was entered or at the time of sentencing) to advise the court of the county solicitor’s recommendation for maximum sentence.
These allegations, unrebutted by the record, were legally sufficient to present the issue of voluntariness of appellant’s *669 plea so as to require an evidentiary hearing on such allegations. See Broxson v. State, Fla.App.1966, 192 So.2d 511.
The order denying the motion to vacate is reversed and this cause is remanded to the trial court with directions that appellant be afforded an evidentiary hearing on the allegations contained in the motion to vacate.
Reversed and remanded.
CROSS, C. J., and WALDEN, J., concur.