PER CURIAM.
On the basis of our review of the briefs and record on appeal, we are of the opinion that the motion for post-conviction relief contains sufficient allegations to entitle appellant to an evidentiary hearing under Rule 3.850, FRCrP, 33 F.S.A., on the issue of insanity at the time of trial, as such allegation is not conclusively refuted by the record. Blackman v. State, 256 So.2d 18 (Fla.App.1971). See also Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Cf. Fast v. State, 221 So.2d 203 (Fla.App.1969);. Estrella v. State, 215 So.2d 489 (Fla.App.1968); Thomas v. State, 210 So.2d 488 (Fla.App.1968); Estevez v. State, 206 So.2d 697 (Fla.App. 1968); Marti v. State, 163 So.2d 506 (Fla.App.1964); and Sampson v. State, 158 So.2d 771 (Fla.App.1963).
Accordingly, the order appealed is reversed and the cause is remanded to grant an evidentiary hearing.
OWEN, C. J., and WALDEN and CROSS, JJ., concur.