354 So.2d 892 (1978)
Jimmie Lee THORNTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-2337.
District Court of Appeal of Florida, Third District.
January 10, 1978.
Bennett H. Brummer, Public Defender, and Kurt Marmar, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Arthur Joel Berger, Asst. Atty. Gen., for appellee.
Before HAVERFIELD, C.J., and NATHAN and KEHOE, JJ.
PER CURIAM.
Defendant, Jimmie Lee Thornton, appeals the summary denial of his motion to vacate judgment and sentence on the *893 ground of ineffective assistance of counsel in that (1) his appointed counsel allegedly told him that in exchange for his plea of guilty, the maximum sentence he would receive would be 10 years when, in fact, he received a sentence of 13 years, and (2) his counsel failed to adequately investigate the case.
Upon receipt of a motion to vacate judgment and sentence, the trial court must examine the record and if the record conclusively demonstrates that the movant is not entitled to relief, the motion may be denied without a hearing. State v. Weeks, 166 So.2d 892 (Fla. 1964); State v. Barton, 194 So.2d 241 (Fla. 1967); Brumley v. State, 224 So.2d 447 (Fla. 4th DCA 1969). Further, allegations in a motion for post conviction relief that the court appointed counsel has not investigated the case and has advised defendant to plead guilty are insufficient as a matter of law to support the charge of ineffective assistance of counsel, particularly where the record shows the guilty plea was freely and voluntarily entered. Crusoe v. State, 183 So.2d 600 (Fla. 2d DCA 1966); Brumley, supra.
The record reflects that both appointed counsel and the trial judge in open court and in the presence of defendant stated that in exchange for his guilty plea, defendant would be sentenced to 13 years. The trial judge then questioned the defendant as to the voluntariness of his plea and at no time did the defendant question the 13 year sentence. The record further illustrates with respect to the issue of adequate investigation, that defense counsel invoked the standard rules of discovery and had an investigator appointed. Thus, the record conclusively demonstrates that defendant is not entitled to relief.
Affirmed.