SCHEB, Judge.
This appeal is from the summary denial of Robert Smith’s motion to vacate and set aside his sentence pursuant to Fla.R.Crim.P. 3.850. Appellant Smith contends that his probation should be reinstated because it was revoked solely on the basis of his robbery conviction, which this court reversed on appeal. Appellant’s allegations, if true, would entitle him to the relief sought, and they are not refuted by the record. We therefore reverse and remand for an evi-dentiary hearing.
On December 2, 1974, appellant was placed on probation for two and a half years for the offense of grand larceny. On June 30, 1975, an affidavit and warrant were filed charging him with violating his probation in that he “was arrested on 20th *910 day of June, 1975 by officers of the Sarasota Sheriff’s Office and charged with Robbery.” He was tried by jury on the robbery charge on September 22-24, 1975, and was convicted as charged. On October 31, 1975, appellant pled “nolo contendere” to the charge of violating his probation; his probation was revoked, and he was sentenced to five years in prison. The robbery conviction was reversed on appeal. Bell v. State, 338 So.2d 1328 (Fla.2d DCA 1976). On August 29, 1977, appellant’s motion for discharge on the robbery charge was granted.
Appellant subsequently filed the instant motion to vacate and set aside his sentence, alleging that the revocation of his probation was predicated solely on his invalid robbery conviction and that his probation should be reinstated. The motion was denied without a hearing.
If, as appellant alleges, his probation was revoked solely on the basis of his invalid robbery conviction, the revocation cannot stand. Jackson v. State, 314 So.2d 175 (Fla.2d DCA 1975). The record before this court does not refute appellant’s allegations. The notes of the probation revocation hearing have not been transcribed and, for reasons unconnected with this case, a certified transcript is probably not obtainable.
Because the available record does not refute appellant’s allegations, we find it necessary to vacate the trial court’s order and remand for an evidentiary hearing. Estevez v. State, 206 So.2d 697 (Fla.2d DCA 1968). The trial court shall determine whether there was sufficient evidence (other than appellant’s robbery conviction) before the court at the original revocation hearing to support a finding that appellant violated his probation. If there was not, appellant’s probation must be reinstated. However, such reinstatement shall be without prejudice to filing a new affidavit and warrant, and conducting a new probation revocation hearing.
Reversed and remanded.
HOBSON, Acting C. J., and DANAHY, J., concur.