DAUKSCH, Judge,
dissenting:
I respectfully dissent.
In this appeal from a summary denial, without hearing, of a motion to vacate under Florida Rules of Criminal Procedure 3.850 the appellant urges us to reverse the order and require the trial court to hold a hearing to determine if his allegations are true and, if true, grant further relief.
I would reverse under the authority of Brumley v. State, 224 So.2d 447 (Fla.4th DCA 1969). The appellant has alleged he pleaded guilty to murder in the second degree and was sentenced to life imprisonment without the trial court having first determined a factual basis for his plea. I seriously doubt the appellant is correct in his urgings because the trial judge when he sentenced the appellant made a comment that “the fact (sic) of this case in the Court’s opinion came very close to constituting murder in the first degree.” My doubts, however, do not sway me sufficiently to want to depart from Brumley v. State, supra. The appellant should be given a hearing as required under Florida Rules of Criminal Procedure 3.850 and we should all be satisfied a factual basis for his guilty plea was established before the plea was accepted. The State has suggested the defendant’s petition is defective because he has not alleged any prejudice by the use of the alleged procedure. To this I say the prejudice is implicit in the allegation and it is prejudice as a matter of law.