382 So.2d 26 (1979)
Daniel LOCONTE, Appellant
v.
STATE of Florida, Appellee.
No. LL-2.
District Court of Appeal of Florida, First District.
May 15, 1979.
Rehearing Denied July 6, 1979.
Michael J. Minerva, Public Defender, and Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Richard W. Prospect, Asst. Atty. Gen., for appellee.
PER CURIAM.
The trial court summarily denied Daniel Loconte's motion to vacate and set aside a judgment and sentence. He appeals, claiming that his guilty plea was the result of coercion and promises. We affirm.
Loconte cites Brumley v. State, 224 So.2d 447 (Fla. 4th DCA 1969), in support of his contention that he should have been given an evidentiary hearing based on the allegations in his motion, but we think Brumley is distinguishable. There, the inquiry into the free and voluntary nature of the plea was limited to questions about whether the defendant had been "influenced" and whether the plea was what he wanted. Here, there was a direct denial of coercion or promises by Loconte's negative replies to the following questions: "Aside from the terms of the negotiated plea in this case ... has any person promised or suggested to you that you will be rewarded in any manner, or that you will receive preferential treatment other than that stated?" and "Has any person used any threats, force, pressure or intimidation to make you plead guilty to the charge?" Since the record conclusively refutes the allegations, the ruling of the trial court was correct. Pierce v. State, 318 So.2d 501 (Fla. 1st DCA 1975); Garcia v. State, 228 So.2d 300 (Fla. 3d DCA 1969).
AFFIRMED.
McCORD, C.J., and MILLS and SMITH, JJ., concur.