PER CURIAM.
The State Attorney brought a petition for rule to show cause in the Circuit Court against the appellant in which it was alleged :
«2. * * * [T]he defendant, JAMES R. ANDERSEN, contacted William C. Baker by telephone and requested the said William C. Baker to place a $15.00 advertisement in the said Florida Public Employee. As an inducement for the placing of the said advertisement, the defendant represented to the said William C. Baker that if he should be called for jury duty, the defendant, JAMES R. ANDERSEN, could have him excused.
“3. That subsequent to the entry of the aforesaid Final Judgment, and on or about July 11, 1963, the defendant, JAMES R. ANDERSEN, contacted Frank J. Gust by telephone and requested him to place a $15.00 advertisement in the aforementioned newspaper Florida Public Employee. When the said Frank J. Gust refused to place the advertisement, the defendant, JAMES R. ANDERSEN, told him he had removed the said Frank J. Gust’s name from jury duty and that the said Frank J. Gust should show his appreciation by placing an advertisement in the defendant’s newspaper.
“That on July 12, 1963, pursuant to the telephone conversation described in the preceeding paragraph, an agent of the defendant, JAMES R. ANDERSEN, appeared at the place of business of the said Frank J. Gust, and took a check from the said Frank J. Gust in the amount of $10.00 for the placing of an advertisement in the Florida Public Employee.
“Your Petitioner, because of the aforementioned facts stated in his Petition, respectfully suggests that the said JAMES R. ANDERSEN did act in a manner which did obstruct, impede, restrict, impair, interfere with, delay, hinder, lessen its authority, dignity, or embarrass the cause of justice and which conduct tended to bring this Honorable Court into disrepute.”
After trial the court entered the following final judgment and sentence:
“The State Attorney of the Eleventh Judicial Circuit of Florida having filed a Petition herein, charging the defendant, JAMES R. ANDERSEN, with criminal contempt of this Court on July 11, 1963, and the Court having entered a Rule to Show Cause, directing said defendant to appear before the Court and show cause why he should not be punished for such contempt of Court, and said defendant having appeared before the Court, and the Court having heard testimony offered in behalf of the State, and after hearing argument of respective counsel and after due and careful consideration, the Court finds that the defendant, JAMES R. ANDERSEN, is guilty of criminal contempt of this Court, as charged in the Petition filed in this cause; and the said JAMES R. ANDERSEN is hereby sentenced to serve a term of ten (10) days in the Dade County JaiL”
*893 The appellant contends that because the acts charged and proved were not committed in the proximity of the court, they do not constitute contempt. This position is untenable in view of the holding of the Supreme Court of Florida in Ex Parte Crews, 127 Fla. 381, 173 So. 275, wherein it was held:
“It may be said broadly, but certainly, that any act which is calculated to embarrass, hinder, or obstruct the court in the administration of justice, or which is calculated to lessen its authority or its dignity, is a contempt * * * The test is not the physical propinquity of the act to the court, but its tendency to directly affect the administration of justice. * * * ”
Affirmed.