BARKDULL, Chief Judge.
By this appeal, the appellant seeks to have an order of the trial judge reviewed, which denied his petition for relief pursuant to Criminal Procedure Rule 1. The principal thrust of the sworn petition was that the appellant, at the time of his trial and sentence, was without counsel and not advised of his rights to same although an indigent, citing as authority Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799.
*485 Upon receipt of the petition, the trial judge conducted a hearing subsequent to the appointment of the public defender to represent the appellant, whereupon he denied the relief sought and set forth the following in said order:
* * * * * *
“The above cause came before this Court referred and treated as a Petition For Relief pursuant to Criminal Procedure Rule One; and the Court, having appointed the Public Defender of Dade County, Florida, to represent the defendant in this matter and having set this cause for hearing on the sufficiency of the petition on January 13, 1964, and having examined the records of this cause, it is the finding of this Court as follows:
“1. That defendant was represented in this cause by Thomas Duff, attorney at law, and that on February 23, 1954, defendant was adjudicated guilty of the crime of Robber, and sentenced to serve a term of ten years in the State Penitentiary;
“2. That the files and records of this cause conclusively show that petitioner is not entitled to the relief sought; and it is therefore
“ORDERED AND ADJUDGED that the petition herein be and the same is hereby denied.”
* * * * * *
This appeal has been prosecuted from this order, and the State has now filed a motion to quash same, contending in effect that it is apparent from the record and the order of the trial judge entered on the petition here under review that said appeal is, in fact, frivolous. We concur with the position of the State and grant the motion to quash. It is patent and conclusive from the trial record that the petitioner was entitled to no relief, and the trial judge was under a duty to deny the petition. See: Albright v. State, Fla.App.1964, 163 So.2d 895.
 Since the rendition of the decision in Gideon v. Wainwright, supra, by the Supreme Court of the United States, the trial courts and appellate courts of this State have endeavored [commencing with the promulgation of Criminal Procedure Rule 1] through a multitude of proceedings to grant speedy relief to indigent persons incarcerated in the prisons of this State. However, in attempting to discharge the responsibilities and obligations placed upon the courts of this State pursuant to Gideon v. Wainwright, supra, and Criminal Procedure Rule 1, they have been unduly hampered by the filing of non-meritorious petitions, many of which contain sworn allegations which were obviously false and known to be so by the petitioners. Such conduct on the part of petitioners borders on perjury and contempt of court. See: 25 Fla.Jur., Perjury, §§ 2, 14, 20; Criminal Procedure Rule No. 1, F.S.A. Ch. 924 Appendix. Corresponding to the duty upon the courts to abide by the decision in Gideon v. Wainwright, supra, and to grant relief expeditiously to those who are entitled to same, is a responsibility and duty to take such steps as are expedient to prevent the clogging of court calendars and the needless expenditure of time of court officials in disposing of frivolous petitions, which we are hereby doing by the granting of this motion to quash.
In the future, it may be well for trial and/or appellate courts to consider such disciplinary procedures as are available to bring to a halt the trifling with the courts by the filing of frivolous pleadings.
Motion to quash granted.