PER CURIAM.
Frank J. Cassidy, appellant, was sentenced to six months in the Dade County Jail after having been adjudged to have been in criminal contempt of the Circuit Court of the Eleventh Judicial Circuit of Florida. His appeal presents two points: (1) the court erred by failing to accord the appellant the fundamental right of an adjudication by an impartial judge, and (2) the court erred in holding that the contemptuous statements uttered by the defendant were not privileged.
The statements made by the defendant are without a doubt contemptuous, unless privileged, and we need not repeat them here. Nevertheless the statements may well be those of a person who was under great pressure and conflict and who was not fully *650 cognizant of their impact. We make this comment to indicate the basis for our conclusion regarding the sentence-—not as an excuse for the appellant.
Appellant’s first point is essentially an argument that the judge against whom the statements were directed should not act as trial judge upon the citation for contempt. It has been pointed out that it is better for the judge who finds himself wronged to set the hearing upon the citation before another judge. See Mr. Justice Frankfurter’s dissenting opinion in Sacher v. United States, 343 U.S. 1, 23, 72 S.Ct. 451, 96 L.Ed. 717, 731 (1952); and his opinion for the majority in Offutt v. United States, 348 U.S. 11, 75 S.Ct. 11, 99 L.Ed. 11 (1954). However, we know of no rule which requires this practice. See State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946); and Clark, Criminal Contempt Procedure in Florida—Proposals, 18 U.Fla.L.Rev. 78 (1965).
In the instant case, the contemptuous statements were related in the presence of the judge during a hearing which was conducted pursuant to Rules 1.31(a) and 1.40, Fla.R.Civ.P., 30 F.S.A. The appellant admitted that he had made the statements. At that time, the trial judge expressed his intention to hold the defendant in contempt and to impose a sentence of sixty days in the County Jail, but no final order was entered. A citation was made and served for the subsequent hearing at which the six months sentence was imposed. We find no error under appellant’s first point.
Appellant’s second point is addressed to a claim of privilege for the statements. The statements made by the appellant, a party to litigation, were such as to impugn the integrity of the judicial process, and they were not made pursuant to any affidavit of disqualification or other process requiring the making of the statements. We hold that the statements were not privileged. See State ex rel. Giblin v. Sullivan, 157 Fla. 496, 26 So.2d 509 (1946).
In the instant case, we have reached the conclusion that the sentence is unduly severe because there is no indication in the record that the defendant fully appreciated the possible relationship of his conduct to the administration of justice. Cf., Neering v. State, Fla.App.1962, 141 So.2d 615. Therefore, the judgment of contempt is reversed as to the sentence imposed, and the cause is remanded for the imposition of a sentence not to exceed two months in the County Jail.
Affirmed as to the adjudication, reversed as to the sentence, and remanded.