210 So.2d 488 (1968)
Eligha THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 67-317.
District Court of Appeal of Florida. Second District.
May 17, 1968.
*489 Walter R. Talley, Public Defender, and William H. Namack, III, Asst. Public Defender, Bradenton, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
This is an appeal from an order denying without hearing a petition filed by appellant Eligha Thomas, defendant below, to vacate, under former Criminal Procedure Rule 1, F.S.A. ch. 924 Appendix, a judgment and sentence previously imposed upon him.
On February 12, 1964, defendant Thomas, represented by the Public Defender, pleaded guilty to an information charging robbery and was adjudged guilty and sentenced by the Hendry County Circuit Court to a term of five years in the State Prison. On October 5, 1964, defendant filed motion under said Rule 1 to vacate the sentence. On October 16, 1964, order of denial was entered, an appeal from which was dismissed by this Court on July 15, 1965. On August 16, 1965, a second similar motion to vacate was filed, which was denied, and an appeal therefrom was, on December 17, 1965, dismissed by the Supreme Court. On May 11, 1966, defendant filed a third motion to vacate, which was likewise denied. On June 7, 1967, defendant filed his fourth motion to vacate. On June 15, 1967, the Circuit Court denied the fourth motion from which order of denial defendant, on July 14, 1967, filed notice of appeal to this Court, which forms the subject matter of this opinion. The facts which form the basis of the information to which defendant pleaded guilty were that he and a co-defendant tied up and robbed a one-legged storekeeper of money and cigarettes.
All the grounds except one of the last motion to vacate were either patently without substance or else duplicated grounds in one or more of the previous motions which had not been successfully appealed. The single ground which indicated a substance of merit on its face was the assertion that the defendant had been coerced into pleading guilty. It was contended that, prior to entry of the plea, Sheriff Earl S. Dyess, Sr., while holding Thomas "incommunicado", intimidated and threatened him that if he did not plead guilty the Court would "go hard" on him because he was "a Yankee nigger"; that the Judge did not like "for your kind to come down here and rob the people"; that if Thomas "forced a jury trial" he would "for sure * * * get a life sentence"; that the State had two witnesses who would testify that they saw Thomas "do the robbery"; that "any white jury" in the county would convict him because he was "a nigger from the north" and the people he robbed were very respectable and well known citizens throughout the county and were "very upset over the way you committed this crime"; that if he did not plead guilty to the robbery "and make and sign a confession" he, the Sheriff, would "talk with the Judge" and see that "you get a life sentence" and would also file "three more robbery charges" against Thomas; but that if he pleaded guilty "the Court will impose a much lighter sentence". Continuing on, the motion avers that defendant did give and sign "an incriminating statement and enter a plea of guilty" but the same was not free and voluntary but on the other hand "he was terrorized by the above mentioned Sheriff" who "threatened him with a life sentence if he did not enter a plea of guilty".
*490 The foregoing averments on the face of the petition, sworn to as true by defendant Thomas, in the absence of a direct denial in the record, state a ground for relief under Rule 1. We therefore must reverse the order appealed from, with directions that the allegations aforesaid be answered by the State, and if denied, an adversary hearing be accorded defendant for purpose of ascertaining the truth or falsity thereof by the Court, followed by a definitive ruling upon the merits of the motion. Further proceedings in the lower Court will be limited to the alleged ground of coercion in entering the plea of guilty.
It is suggested that the "facts" upon which the alleged coercion is grounded, as before delineated in substance, are so improbable and incredible that it would reflect upon the credulity of the Court to go through a wasteful hearing in order to establish the falsity thereof. The answer to such suggestion is that in the hearing before the Court, at the time the plea was entered and sentence imposed, defendant was never asked the direct question whether anyone, the Sheriff included, had threatened or intimidated him or induced him in any way to enter such plea. A second and more cogent answer is that the trial Court might strongly consider, in the event a subsequent hearing should demonstrate a complete lack of factual basis for any such charge of coercion, whether or not the contempt processes of the Court should be utilized because of flagrant abuse of the Court's processes. There is ample authority therefor.
In 17 C.J.S. Contempt § 10, p. 22, the rule is laid down that 
"Willful abuse of legal process, such as instituting * * * unauthorized or fictitious proceedings or * * * the filing of baseless complaints, * * * is contempt, where such acts obstruct or tend to impede the due administration of justice. Also, the filing of scandalous, defamatory, irrelevant pleadings constitutes an abuse of process and a contempt. * * * [T]he making of a false affidavit in a cause which obstructs and impedes the administration of justice is punishable as contempt".
In Breamfield v. State, Fla.App. 1964, 166 So.2d 484, the 3rd District Court said:
"Since the rendition of the decision in Gideon v. Wainwright * * * the trial courts and appellate courts of this State have endeavored [commencing with the promulgation of Criminal Procedure Rule 1] through a multitude of proceedings to grant speedy relief to indigent persons incarcerated in the prisons of this State. However, in attempting to discharge the responsibilities and obligations placed upon the courts of this State pursuant to Gideon v. Wainwright, supra, and Criminal Procedure Rule 1, they have been unduly hampered by the filing of non-meritorious petitions, many of which contain sworn allegations which were obviously false and known to be so by the petitioners. Such conduct on the part of petitioners borders on perjury and contempt of court. * * * Corresponding to the duty upon the courts to abide by the decision in Gideon v. Wainwright, supra, and to grant relief expeditiously to those who are entitled to same, is a responsibility and duty to take such steps as are expedient to prevent the clogging of court calendars and the needless expenditure of time of court officials in disposing of frivolous petitions * * *".
And in the recent case of Nelson v. State, Fla.App. 1968, 208 So.2d 506, the 4th District Court upheld a Circuit Court citation and adjudication for contempt in a Rule 1 proceeding analogous to the case sub judice.
We join with the 3rd and 4th District Courts in their views on this subject. Contempt proceedings in appropriate cases, or even perjury prosecutions, should have a salutary effect in throttling the filing of irresponsible and capricious petitions under *491 Rule 1 (now CrPR 1.850, 33 F.S.A.) containing false and completely unfounded charges against public officials. We strongly recommend such action.
The order appealed from is reversed.
LILES, C.J., and HOBSON, J., concur.