234 So.2d 16 (1970)
Johnny Lester MANNING, Jr., Appellant,
v.
STATE of Florida, Appellee.
Nos. 69-390, 69-391.
District Court of Appeal of Florida, Second District.
April 10, 1970.
*17 Robert E. Pyle, Lake Alfred, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Morton J. Hanlon, Asst. Atty. Gen., Lakeland, for appellee.
LILES, Acting Chief Judge.
Appellant was originally charged with breaking and entering and destruction of property. He pled guilty and was sentenced to three years in prison for breaking and entering and sixty days in the county jail for destruction of property. The sentences were to run concurrently.
Pursuant to CrPR 1.850, 33 F.S.A., appellant moved for post-conviction relief. Appellant alleged that he was induced to plead guilty by the public defender's promise that he would receive five years probation rather than jail. At the evidentiary hearing held by the trial judge the public defender testified that he made no such promise to appellant; that he never made such promises; that appellant was anxious to plead guilty, wanted no part of a trial, and was belligerent about the whole matter, saying that he only wanted to plead guilty and "get through with it." Appellant's mother was present during the disputed interview with the public defender, and apparently signed a waiver of rights to a trial by jury underneath appellant's name. However, she could not be located for purposes of the hearing. Appellant, on the other hand, testified that the public defender informed him that he "couldn't beat the case;" that the public defender guaranteed probation in return for a guilty plea; that the public defender did not mention the possibility of a jail term; and that the public defender refused to allow appellant a jury trial. Although the point was not alleged in appellant's motion for post-conviction relief, appellant repeatedly stated at the hearing that the trial judge in the proceeding in which he plead guilty of breaking and entering and destruction of property, the same judge as in proceedings below, never informed him that he might be jailed rather than be placed on probation if he plead guilty.
At the conclusion of the testimony, the trial judge denied the motion on the ground that none of the allegations had been established. Additionally, appellant was summarily found to be in contempt of court. The appeal is from both the denial of the CrPR 1.850 motion and the judgment of contempt. We affirm the motion denial, but reverse the judgment of contempt.
In essence, the trial judge's judgment of contempt was based upon the belief that appellant had committed perjury both in his written motion and at the evidentiary hearing:
"The court is of the opinion that the defendant has not in anywise established the allegations of his motion. In fact, it seems his whole statements are untrue. Especially, his statement he did not appear before the Court and was not warned.
"The motion will be denied.
"In light of the recent decisions of the Appellate Court, I think it is the duty of the Court at this time in a situation like this that this filing of a petition with such statements in it amounts to an absolute contempt of Court. For that contempt I am going to sentence you now, Johnny, to six months in the county jail *18 to begin at the end of your sentence. You are trifling with the Court when you file things like this which you know are not true."
While we by no means disapprove of the use by a trial court of its contempt powers as a sanction against the filing of unmeritorious petitions containing perjured statements under CrPR 1.850 or against perjured statements made in the presence of the trial judge, see Breamfield v. State, Fla.App. 1964, 166 So.2d 484; Nelson v. State, Fla.App. 1968, 208 So.2d 506; Thomas v. State, Fla.App. 1968, 210 So.2d 488; Bogan v. State, Fla.App. 1968, 211 So.2d 74, nevertheless, certain procedures under our criminal rules must be followed for an exercise of a court's contempt powers to be upheld. Direct criminal contempt is governed by CrPR 1.830, and is applicable "if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court." Indirect or constructive criminal contempt, consisting of all contemptuous acts not covered by CrPR 1.830, is controlled by CrPR 1.840. These rules took effect on January 1, 1967; and although they are applicable to the facts of the instant case, they did not govern in the cases cited above. The procedures prescribed under CrPR 1.840 would have been appropriate for consideration of the alleged perjury occurring in appellant's statements in his motion under CrPR 1.850, since the disputed facts did not occur in the presence of the trial judge. See State ex rel. Laramie v. Boggs, Fla.App. 1963, 151 So.2d 456, 457-458. The procedures outlined in CrPR 1.840 were manifestly not followed. However, assuming for the purposes of analysis only that the entire contempt proceedings came within the scope of CrPR 1.830, the judgment must still fail. CrPR 1.830 specifies certain basic procedures that must be followed prior to summary punishment in direct criminal contempt proceedings: (1) the judge must inform the defendant of the accusation and inquire whether defendant has any cause to show why he should not be held guilty of contempt; (2) the defendant must be given the opportunity to present evidence of excusing or mitigating circumstances; (3) the judgment of guilt must include a recital of the facts upon which the adjudication is based. See Chavez-Rey v. Chavez-Rey, Fla.App. 1968, 213 So.2d 596, 597-598. The record in the present case reveals no compliance with provisions (1) and (2), supra, and the judgment of contempt must therefore be reversed.
Reversed in part and affirmed in part.
MANN, J., concurs.
PIERCE, J., dissents with opinion.
PIERCE, Judge (dissenting).
I must respectfully dissent.
I think the contempt of court occurred when Manning testified falsely  and palpably so  in open Court before the Judge, concerning matters that the Judge knew of his own knowledge were untrue, such as that he (Manning) had not appeared before the Court and had not been warned. Therefore, in my opinion CrPR 1.830 governs. And I am also of the opinion that the prerequisite "procedural requirements" of CrPR 1.830 were either waived or were substantially complied with.
To do other than to affirm Judge Amidon here would seem to require that we abjectly apologize to the local bench and bar for having in several recent opinions recommended the precise action he took in this case.