WALDEN, Judge.
The trial court denied appellant’s motion under Rule 1.850, F.R.Cr.Proc., 33 F.S.A., without a hearing. He appeals. We reverse and remand with instructions to conduct an evidentiary hearing.
Appellant, a juvenile, was charged with rape. He apparently plead guilty and was sentenced to life imprisonment.
Of the points presented only that urging that his guilty plea was involuntary and coerced has merit, and that only sufficient to require an evidentiary inquiry as concerns such allegations.
A plea of guilty may be accepted only if knowingly, understandingly and *681 voluntarily given.[1] And the burden is on the state to have these essential elements clearly reflected in the record.[2]
Appellants says he thought he was pleading guilty to a lesser included offense, assault with intent to commit rape. He says that on the day of his trial three of. the six defendants charged were told by their counsel that they would be put on probation and that the other three (including appellant) were told that they would enter pleas of assault with intent to commit rape.
Appellant only has one ear and alleges that he couldn’t hear much of the court proceedings because the prosecutor was standing on the side of his missing ear. He says that the record reflects his agreement to what was said — not because he heard and understood — because he thought all the time the proceedings were aimed at the lesser included offense.
There follows the critical portion of the colloquy:
“THE COURT: Have you discussed this with your parents ?
“MR. WILLIAMS: Not exactly.
“THE COURT: Have you discussed it with the parents?
“MR. FLEET: Yes, sir. Mrs. Williams.
“THE COURT: Are the parents here ? Mrs. Williams, has Mr. Fleet discussed this plea with you ?
“MRS. WILLIAMS: Yes, sir.
“THE COURT: And do you understand the significance of it?
“MRS. WILLIAMS: Yes.
“THE COURT: You understand the significance of it?
“MRS. WILLIAMS: Yes.
“THE COURT: Now, Mr. Williams, do you understand the significance of this plea?
“MR. WILLIAMS: Yes, sir.
“THE COURT: Has it been explained to you by your counsel ?
“MR. WILLIAMS: Yes, sir.
“THE COURT: You understand by entering this plea you withdraw the right of trial by jury and the court has the complete discretion as to the sentence or the type of sentence that may be imposed?
“MR. WILLIAMS: Yes, sir.
“THE COURT: You understand that this sentence may include electrocution?
“MR. WILLIAMS: I don’t understand you too good.
"THE COURT: Well, do you understand, by entering this plea the State has recommended mercy?
“MR. WILLIAMS: Yes, sir.
“THE COURT: But it is still within the discretion of the Court whether to accept the plea or not accept the plea. I can accept the plea but I still have the discretion, you understand that?
“MR. WILLIAMS: Yes, sir.
“THE COURT: Well, having entered a plea of guilty to the offense of rape, the court will take and accept the plea and will make a finding of guilty, but the court will at this time withhold the adjudication as well as the sentence pending a complete preliminary investigation to be conducted by the proper officials of the State Parole Office * *
Other than above, the record does not show whether the defendant was arraigned or whether he ever had the charge read, *682 presented or explained to him and whether he ever formally entered his plea to rape or to a lesser offense as contemplated in Chapter 909, F.S.1965, F.S.A.
Coupling all this together, we believe that appellant’s allegations which are not clearly refuted by the record[3] are sufficient to entitle him to an evidentiary hearing as to whether his plea was knowingly, understandingly and voluntarily given.
Reversed and remanded for proceedings consistent herewith.
REED and OWEN, JJ., concur.

. Roberts v. State, Fla.App.1962, 142 So. 2d 152; Reddick v. State, Fla.App.1966, 190 So.2d 340.

. Russell v. State, Fla.App.1970, 233 So. 2(1 148; Laws v. State, Fla.App.1970, 235 So.2d 754.

.Brumley v. State, Fla.App.1969, 224 So.2d 447.