245 So.2d 635 (1971)
James BUMGARNER, Appellant,
v.
STATE of Florida, Appellee.
No. 2503.
District Court of Appeal of Florida, Fourth District.
March 12, 1971.
*636 Walter N. Colbath, Jr., Public Defender, and Norman J. Kapner, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Rodney Durrance, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
REED, Judge.
The appellant, James Bumgarner, was charged in the Palm Beach County Criminal Court of Record with fondling, statutory rape, and incest. He pled not guilty, was tried before a jury on 8 May 1967 and found guilty on all three counts. The defendant was sentenced on 3 July 1967 to twenty years imprisonment.
Following his incarceration, the defendant commenced to write the trial judge a series of letters and motions which were treated collectively as a motion to vacate under Rule 1.850, CrPR, 33 F.S.A. One of the writings filed on 1 May 1968 contains comments to the effect that the trial judge, Judge Vaughn Rudnick, conspired against the defendant by participating in a bribe of the defendant's wife and daughter to obtain their false testimony against the defendant.
Because the "motion" contained charges against Judge Rudnick, the cause was transferred within the confines of the Palm Beach County Criminal Court of Record to Judge McIntosh, also a judge of that court. After an evidentiary hearing, Judge McIntosh denied the motion to vacate. However, during the course of the 10 July 1968 evidentiary hearing, Judge McIntosh took cognizance of the allegations respecting Judge Rudnick and of the fact that the appellant appeared totally without evidence to support them. After the conclusion of the evidentiary hearing a rule to show cause why defendant should not be held in contempt was issued. At a hearing on 16 August 1968 on the rule to show cause, Judge McIntosh declared the defendant to be in contempt of court and sentenced him to one year in the county jail to run consecutively with his other sentence. It is from this order the defendant brought the present appeal.
The appellant's first point on appeal reads:
"Whether Judge McIntosh was without jurisdiction to enter an order of contempt against the appellant, since he was not designated by the Chief Justice of the Supreme Court of Florida to preside over the contempt hearing, in accord with Florida Rule of Criminal Procedure 1.840(a) (5)?"
*637 The appellant contends that his conduct, if a contempt, was an indirect contempt and, therefore, he was entitled to the procedural treatment accorded by Rule 1.840(a)(5) CrPR which provides:
"If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court."
The appellant argues that because the record does not show that Judge McIntosh was duly designated by the Chief Justice of the Florida Supreme Court, Judge McIntosh was without jurisdiction to enter the contempt order.
There are several fallacies in this argument. The first and most obvious is that the record does not show that Judge McIntosh was not properly appointed by the Chief Justice of the Florida Supreme Court; therefore, the appellant has not met his burden to show error. Secondly, the appellant has failed to demonstrate that any objection was made in the trial court based upon such failure if the same in fact occurred. More importantly, the purpose of the rule is to assure that a person cited for a contempt of court which involved a criticism of a judge, would not be tried on the contempt charge before the judge who was the subject of the criticism. We do not believe that the rule was intented to apply to a case such as the present where the judge who cites the defendant for contempt was not the same judge who was the subject of the criticism. Compare Mayberry v. State of Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971). Finally, we would point out that even if there were a defect in the assignment of the judge to the case, the judge as a judicial officer could still exercise the power to punish for contempt. Cormack v. Coleman, 1935, 120 Fla. 1, 161 So. 844.
We agree with the appellant that the filing of a motion to vacate predicated on false grounds would be an indirect contempt of court. See Manning v. State, Fla.App. 1970, 234 So.2d 16. Compare State ex rel. Giblin v. Sullivan, 1946, 157 Fla. 496, 26 So.2d 509. But for the foregoing reasons, we conclude that Point One is without merit.
We will discuss the appellant's Points 2 and 3 in reverse order.
The appellant's third point reads as follows:
"Whether it was error for the lower court to hold the accused in contempt when there was no showing that the acts allegedly constituting contempt in any way obstructed or impaired the functions or proceedings of the court in any way."
The record reveals that the appellant filed a motion for relief under Criminal Procedure Rule 1.850, CrPR, in which he alleged that the trial judge, Judge Rudnick, conspired with the appellant's wife and daughter to procure their false testimony at the trial. At the evidentiary hearing on the motion, the appellant declined to call Judge Rudnick to testify and made no effort whatsoever to support his allegations with regard to the charges against Judge Rudnick. The exact conduct of the appellant at the evidentiary hearing is reflected in the transcript of the hearing as follows:
"THE COURT: As a courtesy to Judge Rudnick, I will require you to call him first. I am not calling him as a Court witness.
"MR. BRENNAN: [Appellant's Attorney] The defendant does not wish to call Judge Rudnick. I believe his position has changed as far as Judge Rudnick is concerned.
"THE COURT: I will not delay the hearing in August, if he changes his mind again.
"MR. BRENNAN: Do you want to call Judge Rudnick?

*638 "THE COURT: Do you wish to call Judge Rudnick?
"MR. BUMGARNER: My attorney took a sworn oath before me that he talked to Judge Rudnick and he said he didn't know anything about it. Therefore, a man that is as honorable as Judge Rudnick I believe.
"THE COURT: Then you do not wish to call him?
MR. BUMGARNER: That is right."
Criminal contempt of court has been defined as any conduct which tends to obstruct or interfere with the administration of justice by the judicial branch of government. Zarate v. Culbreath, 1942, 150 Fla. 543, 8 So.2d 1 and State ex rel. Giblin v. Sullivan, supra.
The defendant's conduct in our opinion fits precisely within this definition. The defendant argues that his withdrawal of the charges against Judge Rudnick at the time of the evidentiary hearing vitiates the contempt. This overlooks the fact that the essence of the contempt of which the defendant was guilty was not the unfounded criticism of the trial judge, but the palpable interference with the judicial branch of government which is occasioned by the filing of a motion to vacate under Rule 1.850, CrPR, which is predicated on grounds totally unsupportable by fact. The filing of such a motion activates the judicial processes of the court, and the mere abandonment of the baseless grounds at the evidentiary hearing does not restore to productive use the time expended by judges, lawyers, and clerks in analyzing and investigating the frivolous assertions. Where a motion under Rule 1.850, CrPR, is filed and its allegations are not sustained, such a motion should not be considered as contemptuous if the grounds have any reasonable basis in fact, and a great liberality should be accorded the petitioner to the end that the purpose of the rule be not frustrated. The filing of the present motion for relief under Rule 1.850, CrPR, was a contempt of court because it was done by the appellant without having any reasonable support in fact for the assertions of conspiracy. Neering v. State, Fla.App. 1962, 141 So.2d 615 (cert. denied, Fla. 1963, 155 So.2d 874, cert. denied 1964, 377 U.S. 980, 84 S.Ct. 1880, 12 L.Ed.2d 748, reh. denied, 379 U.S. 871, 85 S.Ct. 16, 13 L.Ed.2d 78); Manning v. State, supra; and Thomas v. State, Fla.App. 1968, 210 So.2d 488.
The appellant's second point states:
"Whether a sentence of one year for criminal contempt was unduly severe in the absence of an indication that the defendant fully appreciated the possible relationship of his conduct to the administration of justice?"
The purpose of Rule 1.850, CrPR, is to protect the constitutional rights of persons convicted of crime. The individual and society, therefore, have an important interest in the maintenance and proper use of the rule. The abuse of the rule by any individual has a serious and deleterious effect on the work of the judicial branch of government at all levels of activity and cannot help by ultimately prejudice the rights of all other individuals who become involved with the state's criminal procedures. Therefore, the abuse of the rule is a serious contempt, and the penalty imposed by the trial judge should not be diminished by an appellate court where the same appears to be, as in this case, reasonably supported by the record. State ex rel. Giblin v. Sullivan, 1946, 157 Fla. 496, 26 So.2d 509, 516.
The defendant cites Neering v. State supra, and Cassidy v. Cassidy, Fla.App. 1966, 181 So.2d 649, as authority for his assertion that the penalty imposed in this case was too severe. Each case must be considered in relation to its own facts. Neither of the cases cited by the appellant involved an abuse of Rule 1.850, CrPR, and, thus, are so factually distinguishable as not to be persuasive. In our opinion *639 Nelson v. State, Fla.App. 1968, 208 So.2d 506, 516, is more nearly on point and serves to support the imposition of the penalty. In our opinion, point two is without merit.
For the foregoing reasons, the judgment of contempt is affirmed.
Affirmed.
OWEN, J., and MANN, ROBERT T., Associate Judge, concur.