256 So.2d 551 (1972)
Thomas W. CLARK, Appellant,
v.
STATE of Florida, Appellee.
No. 71-383.
District Court of Appeal of Florida, Fourth District.
January 14, 1972.
*552 Walter N. Colbath, Jr., Public Defender and Carl V.M. Coffin, Asst. Public Defender, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles W. Musgrove, Asst. Atty. Gen., West Palm Beach, for appellee.
OWEN, Judge.
Thomas W. Clark appeals an order which denied without evidentiary hearing his Rule 3.850CrPR, 33 F.S.A. motion to vacate sentence.
The motion alleges that Clark's guilty plea to two seperate informations was not voluntarily and understandingly made because he was not advised by either the court or his court-appointed counsel (nor otherwise made aware of the fact) that he was waiving certain constitutional rights. See Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. These allegations, relating to a plea entered October 6, 1970, would entitle appellant to relief, if true. But true or not, such allegations would entitle appellant to an evidentiary hearing to determine the truth thereof where, as here, the files and records of the case do not conclusively refute these allegations. The trial proceedings at which the guilty pleas were entered were not stenographically reported and transcribed and made a part of the record. The clerk's minutes, made a part of the record, are inadequate to show that the appellant had intelligently and knowingly entered the guilty pleas. We conclude that the order denying the motion to vacate must be reversed and this cause remanded with directions to the trial court to grant an evidentiary hearing on the motion.
The vast bulk of criminal cases is disposed of through guilty pleas. Understandably, the pressure of the trial court's case load demands expeditious handling of such pleas. Nonetheless, a few additional minutes spent at this stage of the proceedings could save a great deal of time for both the trial court and the appellate court at some future date. As did the First District Court of Appeal in the case of McPherson v. State, Fla.App. 1970, 237 So.2d 18 (reiterated in Williams v. State, Fla.App. 1971, 245 So.2d 267), we invite the attention of the trial courts to the importance of causing the record of *553 the proceedings conducted by them on a plea of guilty or nolo contendere to clearly reflect that the plea was knowingly and understandingly tendered by the defendant and was voluntarily made free from any threat, intimidation, coercion, promise or inducement of any kind. This court has recently noted the necessity for these elements to be clearly reflected in the record. (Theophilus) Williams v. State, Fla.App. 1971, 245 So.2d 680. Plainly stated, if and when it becomes apparent that either a guilty plea or plea of nolo contendere is to be entered by a defendant, before the plea is entered by the defendant or accepted by the court, the following should be done: The State should secure a reporter to stenographically record verbatim all of the proceedings; thereafter, the court should canvass the matter with the defendant so as to clearly reflect in the proceedings that the plea is knowingly and understandingly tendered by the defendant with awareness of the constitutional rights being waived, and is voluntarily made free from any threat, intimidation, coercion, promise or inducement of any kind; with reasonable promptness thereafter the state should arrange for the reporter to transcribe the proceedings and file the same as a part of the court record.
In the long run, the few additional minutes required to comply with such a procedure will undoubtedly help to eliminate the necessity of an evidentiary hearing on a substantial number of post judgment motions to vacate. It would also allow for more effective use of the contempt powers in those cases where the allegations in a Rule 3.850 motion prove to be patently false. See e.g. Bumgarner v. State, Fla. App. 1971, 245 So.2d 635; Bogan v. State, Fla.App. 1968, 211 So.2d 74; Thomas v. State, Fla.App. 1968, 210 So.2d 488; and Breamfield v. State, Fla.App. 1964, 166 So.2d 484.
Reversed and remanded with directions.
WALDEN and CROSS, JJ., concur.