ON RULE TO SHOW CAUSE
RAWLS, Judge.
John Wesley Mims in appealing a denial of his 1.850 motion filed verified assignments of error[1] which recited, inter alia: “5. . . . and alleged perjured testimony was made by the prosecuting attorney of the court at the defendant’s trial, also other perjured [sic] was knowingly used by the prosecutor in order to receive a verdict of guilty . . . ” The prosecuting attorney responded by filing a verified petition for the issuance of a Rule to Show Cause why John Wesley Mims should not be held in contempt of this court. In reply to the foregoing petition, an instrument entitled “Answer to Petition for Order to Show Cause”, which was verified by John Wesley Mims and one Elester Samuel (Salty Sam) Roberts, was filed in this court stating, inter alia:
“Further, the defendant prays that the inmate who styled his Rule 1.850 motion to vacate; . . . also be called before this Court with the defendant because he styled the motions, appeal, briefs, and the assignments of error, which is here so important. That inmate’s name, prison number, and present address is as which follows, to-wit:
“ELESTER SAMUEL (SALTY SAM) ROBERTS

“The defendant, together with the above named and signed inmate, will then show cause why he should not be held in contempt . . . and the defendant will also show where said assistant [prosecut *737 ing attorney] knowingly procured perjury and used the perjured statements and testimonies of certain witnesses during his trial to make his conviction by his petit jury a forthcoming guarantee.”
We issued a rule to show cause wherein we appointed the Honorable George L. Patten, Circuit Judge, as Commissioner of this court to determine whether appellant or Elester Samuel (Salty Sam) Roberts, jointly or severally, made false statements of material fact in their pleadings and papers filed in this cause and to report to this court with his recommendations. The able Commissioner, after giving due notice to Mims and Roberts, appointed counsel for them and set the cause for hearing at which time extensive testimony was taken. The Commissioner entered his report wherein he found, inter alia: that Mims and Roberts filed the pleading entitled Assignments of Error, knowing full well the content, meaning and implications thereof and “These serious and scurrilous allegations made against the prosecuting attorney . are determined by this Court to be false”; and that the said allegations were totally unsupported by any evidence whatever and were without reasonable basis in fact. He further found that each of the respondents has jointly and severally deliberately and contemptuously abused the rights afforded to them under Rule 1.850 Criminal Rules of Procedure, 33 F.S.A. “in filing that pleading entitled Assignments of Error, knowing that there was no reasonable basis in fact upon which the above-quoted false allegations could be based”, and further, “The filing of the above-specified pleading activated the judicial process of this Court, required the State Attorney, the Court-appointed counsel of the Respondents, the Clerks of this Court, the Superintendent and Officers of the Florida State Prison, the Judges of this Appellate Court and the undersigned Commissioner all to expend valuable time in preparation for and the conducting of these proceedings.”
“Contempt” has been defined in Florida as any act which is calculated to embarrass, hinder or obstruct a court in the administration of justice or which lessens the court’s authority or dignity, regardless of the physical propinquity of the act to the court. Andersen v. Gerstein, 164 So.2d 891 (3 Fla.App. 1964).
“The purpose of Rule 1.850, Cr.PR, is to protect the constitutional rights of persons convicted of crime. The individual and society, therefore, have an important interest in the maintenance and proper use of the rule. The abuse of the rule by any individual has a serious and deleterious effect on the work of the judicial branch of government at all levels of activity and cannot help but ultimately prejudice the rights of all other individuals who become involved with the state’s criminal procedures.” Bumgarner v. State, 245 So.2d 635 (4 Fla. App.1971).
In view of the premises, respondents, John Wesley Mims and Elester Samuel (Salty Sam) Roberts, be and they are hereby adjudged in contempt of this court. The recommendations of the Commissioner, to wit:
“1. That the Respondent, JOHN WESLEY MIMS, be held in contempt of this Court and sentenced to five (5) months in the County Jail of Bradford County, said sentence to be served consecutively to any sentence presently imposed upon said Respondent.
“2. That the Respondent, ELESTER SAMUEL (Salty Sam) ROBERTS, be held in contempt of this Court and sentenced to five (5) months in the County Jail of Bradford County, said sentence to be served consecutively to any sentence presently imposed upon said Respondent.
“3. That the Respondent, ELESTER SAMUEL (Salty Sam) ROBERTS, be forever hereafter prohibited from and directed by this Court that he shall not file or assist in the filing or preparation of any papers or pleadings of any char *738 acter whatever on behalf of any other prisoner in any proceedings before this or any other Court within the State of Florida.
“4. That the Board of County Commissioners of Volusia County, Florida, be directed to pay the sum of $500.00 to El-zie S. Sanders, Esquire, P.O. Box 68, Starke, Florida 32091, as a reasonable fee for his services rendered in behalf of Respondents.”
are hereby adopted as this Court’s judgment. Each of the above named respondents upon serving all sentences now outstanding imposed by the State of Florida shall be delivered by the Director of the Division of Corrections of the State of Florida (in whose custody respondents are now committed) to the custody of the Sheriff of Bradford County, Florida, for the service of the aforesaid sentences imposed by this Court.
It is so ordered.
SPECTOR, C. J., and JOHNSON, J., concur.

. The assignments of error reflect the following typewritten notation:
“AIDED AND PREPARED BY: El-ester Samuel (Salty Sam) Roberts # 020250/Cell on T-Wing P.O. Box 221-East Unit Raiford, Florida 32083”