OWEN, Chief Judge.
Appellant’s motion to vacate under Rule 3.850, RCrP was denied without an eviden-tiary hearing. We conclude that this was error.
Appellant alleged that his plea of nolo contendere to the offense of grand larceny was rendered involuntary because it had been entered upon the promise of his counsel and the prosecutor that the court would sentence him to one year only, but the court later sentenced him to four years instead. The record reflects that at the time of accepting the plea, the only inquiry conducted by the court relative to the question *525 of whether any promise had been made to appellant in exchange for the guilty plea was the question by the court, “Nobody promised you you were going to walk out the front door free for entering a plea?”, to which the appellant had responded in the negative. Obviously, such an inquiry does not reach the question of whether anyone had promised the defendant that he would receive a particular sentence or any leniency from the court in exchange for the plea. The allegation not having been conclusively refuted by the record, appellant was entitled to an evidentiary hearing. State v. Reynolds, Fla.1970, 238 So.2d 598, 600; State v. Weeks, Fla.1964, 166 So.2d 892, 897; Clark v. State, Fla.App.1972, 256 So.2d 551; Brumley v. State, Fla.App.1969, 224 So.2d 447, 449.
The order appealed is reversed and this cause remanded for the purpose of affording appellant an evidentiary hearing on his motion.
Reversed and remanded.
CROSS and DOWNEY, JJ., concur.