BARKDULL, Judge.
By this appeal, the appellant seeks to review an order of the trial court which summarily denied his motion to vacate pursuant to Florida Rules of Criminal Procedure 3.850.
The principal thrust of his sworn motion is that upon conferring with the public defender assigned to his case, he was led to believe that he didn’t stand a chance at trial and that, in return for a plea of guilty, he would be given probation; that, upon being so informed, he did in fact withdraw his plea of not guilty and pleaded guilty to the charge of obtaining property in return for a worthless check, in violation of Section 832.-05(3), Florida Statutes (1975). He was given probation, which was subsequently revoked. He further alleged that the public defender misrepresented his defense, in that he did in fact have a valid defense to the charge, in that the check was accepted with full and prior knowledge that it was worthless. Thus, the appellant contends his guilty plea was not freely and voluntarily given with full knowledge.
The motion on its face, sworn to as true by the appellant, in absence of a direct denial in the record, states a ground for relief under Florida Rules of Criminal Procedure, 3.850, sufficient to require a hearing at which the appellant would have the opportunity to present evidence to sustain (if he could) his allegations of fact. Reddick v. State, 190 So.2d 340 (Fla.2d DCA 1966); Bartz V. State, 221 So.2d 7 (Fla.2d DCA 1969). The record before this court does not show conclusively that the appellant is entitled to no relief, based on the allegations of his sworn motion.[1] Thus, pursuant to the provisions of Florida Rules of Appellate Procedure 9.140(g), we are compelled to reverse the trial court and *166 remand the cause for a hearing. In so doing, we repeat what has been said previously. Where cases have been reversed for evidentiary hearing, if the evidence at such hearing should develop to the satisfaction of the trial judge that there was never any basis in fact for the sworn allegations as made, we would strongly recommend consideration by the trial court or state attorney of either prosecution for perjury or citation for contempt. Breamfield v. State, 166 So.2d 484 (Fla.3d DCA 1964); Thomas v. State, 210 So.2d 488 (Fla.2d DCA 1968); Bartz v. State, supra; Bumgarner v. State, 245 So.2d 635 (Fla.4th DCA 1971).
The order appealed from is thereupon reversed, with directions to the trial judge to conduct an evidentiary hearing on the allegations contained in the appellant’s motion, and then either grant or deny the relief sought by the appellant.

. Payne v. State, 362 So.2d 688 (Fla.2d DCA 1978), opinion filed September 8, 1978.