SCHWARTZ, Judge.
The trial judge denied the defendant’s Fla.R.Crim.P. 3.850 motion without an evi-dentiary hearing. The record before us does not conclusively refute the motion’s sworn [1] allegations (a) that he was given erroneous advice by appointed counsel concerning the non-existence, under the law, of his alleged defense of self-defense to the charges against him, see State v. Lyles, 316 So.2d 277 (Fla.1975); Giles v. State, 363 So.2d 164 (Fla. 3d DCA 1978); and (b) that, in pleading guilty, he was not informed and did not understand that he was waiving his right to trial by jury. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Weeks, 166 So.2d 892 (Fla. 1964); Sharp v. State, 303 So.2d 56 (Fla. 4th DCA 1974); Clark v. State, 256 So.2d 551 (Fla. 4th DCA 1972). Therefore, the order under review is reversed in part[2] and the cause is remanded for an evidentiary hearing on these issues alone.

. We repeat our admonition in Giles v. State, 363 So.2d 164, 166 (Fla. 3d DCA 1978) as to the consequences of a determination that any of these statements were untrue.

. The other grounds in the motion were refuted by the contents of the plea colloquy.