FULMER, Acting Chief Judge.
Rudolf Schmidt appeals from an order holding him in contempt of court and sentencing him to fifteen days in jail,[1] based on the trial court’s determination that Schmidt violated the terms of a domestic violence injunction. We reverse the adjudication of contempt because the final hearing was not reported and Schmidt has presented a facially sufficient claim of error that cannot be refuted by the record.
At an August 24, 1999, hearing on the violation of the injunction, the alleged victim, Elisa Hunter, testified to an incident *323 where Schmidt had tailgated and harassed her while she was driving her car. Schmidt testified that the incident never happened. Hunter volunteered to take a polygraph exam and the trial judge continued the hearing so that arrangements could be made for Hunter to be administered a polygraph exam. The results of the polygraph exam were submitted to the court from the Collier County Sheriffs Office, and on September 27, 1999, the contempt hearing resumed, but was not reported.
On appeal, Schmidt argues that the evidence was insufficient to sustain a finding of contempt and that the trial court abused its discretion in relying on the polygraph result. First, we reject Schmidt’s claim that the evidence was insufficient. Hunter’s testimony was sufficient proof of the allegations to justify the trial court’s finding of guilt. As to the admissibility of the polygraph results, however, Schmidt is correct that absent stipulation of the parties, polygraph exam results are not admissible. See Davis v. State, 520 So.2d 572 (Fla.1988). Schmidt did not object when Hunter volunteered to take the polygraph exam, but because the record does not contain a transcript of the proceedings of September 27, 1999, we are unable to review whether the exam result was properly admitted and to what extent the trial court relied on it.
In Blalock v. Rice, 707 So.2d 738, 739 (Fla. 2d DCA 1997), this court addressed a situation where there was no transcript of a criminal contempt proceeding, and stated: “While automatic reversal because of a lack of record may not be required in every instance, facially sufficient claims on plenary appeal from an adjudication of contempt ... which cannot be refuted by the record will invariably mandate vacation of the judgments.” Schmidt has presented a facially sufficient claim regarding the admissibility of the polygraph exam result, which cannot be refuted by the record. The absence of a transcript mandates that we vacate the judgment.
We also note that without a transcript, we are unable to ascertain whether the trial court made oral findings of fact setting forth the basis for the contempt. Because the written contempt order recites no findings, we would be compelled to reverse in any case for a violation of Florida Rule of Criminal Procedure 3.840(f), which requires the judge to include in the judgment of guilt a recital of facts constituting the contempt, unless sufficient oral findings are made on the record. See Gidden v. State, 613 So.2d 457 (Fla.1993).
Reversed and remanded.
NORTHCUTT and SILBERMAN, JJ., Concur.

. The court's order provides that Schmidt shall serve fifteen days in jail and that "ten days of the sentence shall be suspended upon [Schmidt] not being found in contempt of court for any future violations.” Schmidt was given a bond pending appeal. Given our disposition, we do not address whether the sentence was proper.