SILBERMAN, Chief Judge.
Johann Haeussler seeks review of the final judgment finding him guilty of indirect criminal contempt for filing false documents in his dissolution of marriage action and imposing a sentence of five weekends in jail. Mr. Haeussler argues that indirect criminal contempt was not the proper remedy for his conduct. He also raises several due process arguments arising from the absence of transcripts of the arraignment and sentencing hearings and prosecutorial comments at the contempt hearing. Finally, he argues that the evidence was insufficient to prove that he was guilty of indirect criminal contempt. We find no merit in these arguments and affirm.
The marriage between Barbara and Johann Haeussler was dissolved after a trial in December 2008. Pursuant to the final judgment of dissolution, the court entered an order requiring Mr. Haeussler to pay Ms. Haeussler $35,293.62 and to complete, under oath, the Fact Information Sheet found in Florida Rule of Civil Procedure Form 1.977.
Mr. Haeussler filed Form 1.977 with attached financial documents in April 2010. In July 2010, Ms. Haeussler filed a petition for order to show cause for indirect criminal contempt. Among other things, Ms. Haeussler alleged that Mr. Haeussler committed perjury by failing to fully disclose his income in the financial affidavit he filed before the December 2008 dissolution trial and on Form 1.977.
Mr. Haeussler was arraigned in September 2010, but that proceeding was not reported or recorded. The court subsequently held a contempt hearing and found Mr. Haeussler guilty of indirect criminal contempt for filing a false financial affidavit in December 2008 and attaching a fraudulent tax return to Form 1.977. After a sentencing hearing, which was also not recorded or reported, the court ordered Mr. Haeussler to serve five weekends in jail.
On appeal, Mr. Haeussler first argues that the trial court erred in denying the motion to dismiss in which he asserted that his conduct was not properly punishable by indirect criminal contempt. The motion contended that because Ms. Haeussler filed the contempt petition “to coerce action or non-action by a party for the private benefit of the allegedly offend *734 ed party,” the matter was properly addressed in a civil contempt proceeding. However, the contempt petition also alleged that Mr. Haeussler filed sworn documents in which he intentionally underrepresented his income.
Indirect criminal contempt may be found for violation of a court order but the order must clearly and definitely advise the person of its command and direction. If no order has been violated, contempt can only be found if the conduct is calculated to embarrass, hinder, or obstruct the court in the administration of justice or calculated to lessen the court’s authority and dignity.
Eubanks v. Agner, 636 So.2d 596, 598 (Fla. 1st DCA 1994). Florida cases have recognized the use of direct and indirect criminal contempt to punish the making of perjured statements. See, e.g., D.V. v. State, 817 So.2d 1098, 1099 (Fla. 2d DCA 2002) (acknowledging that perjured statements made in the trial court’s presence would support a direct criminal contempt conviction); Manning v. State, 234 So.2d 16, 18 (Fla. 2d DCA 1970) (discussing direct and indirect criminal contempt based on perjured statements made in writing and perjured statements made in the trial judge’s presence); Fox v. State, 490 So.2d 1288, 1290 (Fla. 5th DCA 1986) (recognizing that indirect criminal contempt may arise from false allegations contained in a sworn motion for postconviction relief). Other courts have held that the filing of a false affidavit can be punished by criminal contempt of court. See, e.g., People v. Thompson, 91 Colo. 566, 17 P.2d 538, 538 (1932). Accordingly, Mr. Haeussler’s actions of intentionally underrepresenting his income in sworn documents filed with the trial court were punishable by indirect criminal contempt.
Next, Mr. Haeussler argues that the trial court may have violated his due process rights as set forth in Florida Rule of Criminal Procedure 3.840 by (1) failing to advise him of the formal charges against him and his right to counsel at the arraignment, and (2) failing to advise him of the accusation and judgment against him and inquire if he had cause to show why sentence should not be pronounced at sentencing. Mr. Haeussler claims that the absence of transcripts of the arraignment and sentencing makes it impossible to discern whether the court complied with these procedural requirements.
[T]he indirect criminal contempt process requires that all procedural aspects of the criminal justice process be accorded a defendant, including an appropriate charging document, an answer, an order of arrest, the right to bail, an arraignment, and a hearing. A defendant is entitled to representation by counsel, may compel the attendance of witnesses, and may testify in his own defense. The entire proceeding is conducted in open court and made a part of the record.
Gidden v. State, 613 So.2d 457, 460 (Fla.1993).
When an appellant presents a facially sufficient claim of error as to contempt proceedings and the absence of a transcript precludes appellate review, reversal is required. See Schmidt v. Hunter, 788 So.2d 322, 323 (Fla. 2d DCA 2001). However, “automatic reversal because of a lack of record may not be required in every instance.” Blalock v. Rice, 707 So.2d 738, 740 (Fla. 2d DCA 1997). Rather, the lack of a record in a contempt proceeding will require reversal only when necessary to refute claims that are facially sufficient. See id. In this case, Mr. Haeussler has not made any facially sufficient claims; instead, he has alleged that the absence of a transcript in itself precludes review to ensure the trial court complied with the procedural dictates of rule 3.840. Accordingly, reversal is not required.
*735 Mr. Haeussler also argues that his due process rights were violated when the prosecutor shifted the burden of proof during closing argument by asserting that Mr. Haeussler failed to present witnesses to support his testimony. However, Mr. Haeussler did not object to this statement at the contempt hearing. While this argument by the prosecutor was error, see Jackson v. State, 575 So.2d 181, 188 (Fla.1991), it does not rise to the level of fundamental error because the trial court was well versed in the burden of proof and unlikely to be misled by the argument. Cf. Rodriguez v. State, 27 So.3d 753, 756 (Fla. 3d DCA 2010) (holding that prosecutor’s argument improperly shifting the burden of proof to the defense was not fundamental error because it was a brief, isolated comment and the jury was repeatedly told the correct burden of proof).
Finally, Mr. Haeussler argues that the trial court erred in denying his motion for judgment of acquittal because the evidence was insufficient to establish that he misrepresented his income in his financial affidavit or on the tax return attached to Form 1.977. Mr. Haeussler asserts that, without evidence of the exact amount of income he earned from side jobs, the State could not prove that he failed to report that income. However, Mr. Haeussler himself admitted that he did not report this extra income on his financial affidavit and tax return. The question of the exact amount of income is not necessary to a determination that Mr. Haeussler misrepresented his income by failing to report income from these side jobs.
Affirmed.
CRENSHAW and MORRIS, JJ., Concur.